| 92 | 611 |
|-----|-----|
| 100 | 575 |
| 92 | 611 |
| 123 | 605 |

[No. 14468. In Bank. — December 31, 1891.]

THE PEOPLE EX REL. EDSON F. ADAMS, RESPONDENT, v. THE CITY OF OAKLAND, APPELLANT.

MUNICIPAL CORPORATION — USURPATION OF FRANCHISE — QUO WARRANTO — PERSON. — A municipal corporation is a person within the meaning of section 803 of the Code of Civil Procedure, providing for an action against any person who usurps or unlawfully holds or exercises a franchise within this state.

ID. — RIGHT TO GOVERN ANNEXED TERRITORY — DISTINCT FRANCHISE — ACTION BY ATTORNEY-GENERAL. — The right and power claimed by a municipal corporation to govern and tax the inhabitants of a territory annexed to that described in its charter is a franchise in addition to and distinct from that of being a corporation; and the unlawful exercise of such power by the municipal corporation, outside of its charter limits, is

the usurpation of a franchise for which the attorney-general is authorized to bring an action in the name of the people.

Id. — Description of Territory in New Charter — Superseding of Old Description. — A description of the territory whose inhabitants are incorporated as a municipal corporation is an essential part of the charter, and is superseded by an entirely new charter containing a different description of territory from that contained in the original charter and amendment thereof.

Id. — Charter of Oakland — Amendment — New Charter — Detaching of Annexed Territory. — The amendment of the description of the territory of the city of Oakland by the proceedings to annex additional territory, which were completed November 21, 1888, in accordance with section 7 of the act of March 13, 1883, was an amendment of its then existing charter which was wholly superseded by the new charter, adopted February 14, 1889, under and in accordance with section 8 of article XI. of the constitution, and the effect of such new charter was to detach the territory so annexed.

Appeal from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*James A. Johnson, William R. Davis,* and *Olney, Chickering & Thomas,* for Appellant.

*Harvey S. Brown, George Leviston, W. W. Foote,* and *Attorney-General Johnson,* for Respondent.

Vanclief, C. — This is an action in the nature of *quo warranto,* brought by the attorney-general of the state, for the purpose of ousting the defendant from municipal jurisdiction over certain territory alleged to be outside of its charter limits. The city of Oakland was incorporated by a special act of the legislature, passed March 25, 1854 (Stats. 1854, p. 183); and by a special act of February 19, 1876, it was divided into seven wards described in the act (Stats. 1876, p. 62). On December 10, 1887, a board of freeholders was elected to prepare and propose a new charter for the city of Oakland, as authorized by section 8 of article IX. of the constitution. This board reported the draft of a new charter, March 8, 1888, which was ratified by a vote of the people at an election held on November 6, 1888, and was approved by a major-

ity vote of each house of the legislature on February 14, 1889. On September 5, 1888, the requisite number of electors petitioned the common council, in accordance with section 7 of the general act of the legislature of March 13, 1883 (Stats. 1883, p. 93), to include within the boundaries of the city the territory which is the subject of dispute in this action. For this purpose the council ordered an election, which was held on October 27, 1888, in accordance with section 7 of the said act of 1883, and the result of which was in favor of the annexation petitioned for; and this result was duly reported to the secretary of state, and filed in his office November 21, 1888.

The findings of the court, according to the stipulation of the parties, show that the proceedings to adopt a new charter were such as are required by the constitution; and that the proceedings to annex additional territory were strictly in accordance with section 7 of the general act of March 13, 1883.

It will be observed that the proceedings to annex additional territory were commenced after the board of freeholders had prepared and reported their draft of the new charter, but were completed more than two months before the new charter was adopted by the legislature; and that the election ratifying the new charter was held ten days later than the annexation election. The new charter contains a definite description of the territory of the city of Oakland, which does not include any part of the annexed territory, but corresponds with the original charter boundaries.

Upon the stipulated findings of fact, judgment was rendered in favor of the plaintiff, ousting the defendant of all jurisdiction and control of the territory in question. From this judgment the defendant appeals upon the judgment roll, and contends that, upon the facts found, the judgment should have been for the defendant.

1. The first point made for appellant is, that *quo warranto* is not the proper remedy.

Section 803 of the Code of Civil Procedure provides: " An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon the complaint of a private party, against any person who usurps . . . . or unlawfully holds or exercises . . . . any franchise within this state." No doubt a municipal corporation is a *person* in the same sense in which the word is used in this section. (Pol. Code, sec. 17.) The facts found, according to stipulation of the parties, show that the city of Oakland is a municipal corporation, and as such claims and exercises the right and power to govern and tax the inhabitants of certain territory in addition to that described in its charter. The right and power thus claimed and exercised is a franchise, in addition to and distinct from that of being a corporation (*San José Gas Co.* v. *January*, 57 Cal. 616; *Spring Valley W. W.* v. *Schottler*, 62 Cal. 106–109; *Memphis etc. R. R. Co.* v. *Commissioners*, 112 U. S. 619; *Pierce* v. *Emery*, 32 N. H. 507; *Willamette Mfg. Co.* v. *Bank of British Columbia*, 119 U. S. 191); and the exercise of such power by a municipal corporation over the inhabitants of territory outside of its charter limits is the usurpation of a franchise for which the attorney-general is authorized to bring an action in the name of the people.

2. It is insisted that the territory in question was lawfully annexed to the city of Oakland by the proceedings above stated, which were completed November 21, 1888, and that the annexed territory was not detached by the new charter, adopted February 14, 1889. Admitting, for the purposes of the argument only, that the territory became lawfully annexed on November 21, 1888, I think the effect of the new charter adopted February 14, 1889, was to detach it. Section 8 of article XI. of the constitution, by the authority of which the new charter was adopted, provides that, when approved by a majority of each house of the legislature, " it shall become the charter of such city, . . . . and shall become the organic law thereof, and shall supersede any existing

charter and all *amendments* thereof, and all special laws inconsistent with such charter." It is not questioned that the new charter was regularly adopted, nor that it became the charter and organic law of the city on the fourteenth day of February, 1889; but counsel for appellant contend that a description of the territory of a municipal corporation is no part of its charter, and therefore is not superseded by the new charter containing a different description from that contained in the original charter. The charter of a municipal corporation being a grant of privileges and powers to a perpetual succession of inhabitants of a particular place or district, how are such inhabitants to be identified without a definite description in the grant (charter) of such place or district? (Dillon on Municipal Corporations, 4th ed., sec. 20.) In his outlines of an ordinary municipal charter, after enumerating several features thereof, the same author (sec. 39) says: " The charter then defines the territorial boundaries of the town or city thus incorporated." At section 171 he says: " The name of an incorporated place may be changed and its *boundaries* enlarged or diminished, and its *mode of government altered*, and yet the corporation *not be dissolved, but in law remain the same.*" Again (sec. 182), he says: " Since the leading object of an American municipal corporation is to invest the inhabitants of a defined locality or place with a corporate existence, chiefly for purposes of local government, it is obvious that the *geographical limits* or boundaries of the corporation *ought to be defined and certain.* These boundaries are usually described in the charter or constituent act, or a method is prescribed therein by which they may be ascertained and settled. Because residence within the corporation confers rights and imposes duties upon the residents, and the local jurisdiction of the incorporated place is, in most cases, confined to the limits of the corporation, it is necessary that these limits be definitely fixed. They are established by legislative authority. The power to incorpo-

rate a place necessarily includes power to fix its boundaries."

None of the questions that have arisen in some of the cases, as to what extent and for what purpose a municipal corporation may exercise authority beyond its corporate boundaries, as to abate a nuisance or to obtain water, etc., is involved in this case. Here the sole question is, What have been the corporate boundaries of the city of Oakland since the adoption of the new charter?—since it is not claimed that the city has power to govern or tax the inhabitants of territory outside of its charter boundaries.

As a description of the territory whose inhabitants are incorporated as a municipal corporation is an essential part of the charter, an amendment of such description of the territory of the city of Oakland, by the proceedings to annex additional territory, was an amendment of its charter which was wholly superseded by the new charter, framed and adopted under and in accordance with section 8 of article XI. of the constitution.

I think the judgment should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.