[No. 19239.   Department One.—December 28, 1893.]

THE PEOPLE EX REL. JAMES CONNOLLY, APPELLANT, *v.* THE CITY OF CORONADO, RESPONDENT.

CONSTITUTIONAL LAW—MUNICIPAL CORPORATION—FREEHOLDER'S CHARTER—AMENDMENT—GENERAL LAWS.—The provision of section 8 of article XI of the constitution, relating to the framing of a freeholder's charter by a city of sufficient population, which declares that the charter may be amended "at intervals of not less than two years, by proposals therefor submitted by the legislative authority of the city to the qualified electors thereof," etc., relates only to amendments made by and at the instance of the officers and electors of the city, and does not inhibit the amendment or change of its charter within the two years under general laws.

ID.—ACT FOR CHANGING BOUNDARIES OF CITIES CONSTITUTIONAL.—The Act of March 19, 1889, providing for changing of the boundaries of cities, and the exclusion of territory therefrom, is a general law, and is constitutional.

ID.—CITY OF SAN DIEGO—EXCLUSION OF CORONADO BEACH.—The Act of March 19, 1889, providing for changing the boundaries of cities and the exclusion of territory therefrom, applies to the city of San Diego, and empowered it to change its boundaries and exclude therefrom the territory known as "Coronado Beach."

Appeal from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*C. H. Rippey,* for Appellants.

The alleged exclusion of territory from the city of San Diego, if effectual, constituted an amendment to the city charter. (*People* v. *Oakland,* 92 Cal. 611; *City of Westport* v. *Kansas City,* 103 Mo. 141; *Gray* v. *Crockett,* 30 Kan. 138.)

*J. S. Callen, Gibson & Titus,* and *Callen & Neale,* for Respondent.

The Act of March 19, 1889, was a general law to which the charter of the city of San Diego was subject. (*Thomason* v. *Ashworth,* 73 Cal. 73; *City of Stockton* v. *Western etc. Ins. Co.,* 73 Cal. 624; *People* v. *Henshaw,* 76 Cal. 437; *Davies* v. *City of Los Angeles,* 86 Cal. 51; *Yarnell* v. *City of Los Angeles,* 87 Cal. 603; *Kennedy* v. *Miller,* 97 Cal. 429; *City of San Diego* v. *Dauer,* 97 Cal. 442; *Brooks* v. *Fischer,* 79 Cal. 173; *Security Savings Bank* v. *Hinton,* 97 Cal. 214.)

Belcher, C.—A general demurrer to the complaint in this action was sustained by the court below, and, the plaintiff declining to amend, judgment was entered in favor of the defendant, from which the plaintiff appeals.

The facts stated in the complaint are in substance as follows: Under the provisions of section 8 of article XI of the constitution of this state, a charter for the city of San Diego was framed by fifteen freeholders, ratified by a vote of the electors, and on March 16, 1889, approved by the legislature. (Stats. 1889, p. 643.)

On March 19, 1889, an act was passed by the legislature, entitled: "An act to provide for changing the boundaries of cities and municipal corporations, and to exclude territory therefrom." (Stats. 1889, p. 356.)

On March 17, 1890, proceedings were commenced,

under the provisions of this act, to change the boundaries of the city of San Diego as described in its said charter, and to exclude therefrom certain territory known as " Coronado Beach," the boundaries of which were specifically described. These proceedings were conducted and carried on in strict conformity to the provisions of the said act, and resulted, in October following, in the exclusion of the said territory, if the provisions of the act were applicable to the city of San Diego and the proceedings could be taken at that time.

Afterwards, in November and December, 1890, the excluded territory was regularly organized as a municipal corporation of the sixth class, called the " City of Coronado," pursuant to the provisions of an act of the legislature, approved March 13, 1883, and entitled: "An act to provide for the organization, incorporation, and government of municipal incorporations." (Stats. 1883, p. 93.)

It is alleged that said pretended corporation, the city of Coronado, has "usurped and exercised, without any warrant, charter or grant, the franchises of a municipal corporation of California, to wit, a city of the sixth class, and continues so to do, and has exercised and still continues to exercise franchises of a city of the sixth class without any right so to do." And the prayer is for judgment "that the defendant, the city of Coronado, be excluded from all corporate rights, privileges and franchises"; and that said corporation be dissolved.

It is admitted by counsel for appellant that the facts stated in the complaint show "the due incorporation and organization of the defendant city in all respects, if the stated proceedings had for the purpose of excluding territory from the city of San Diego were effectual for that purpose." And it is said: "Our point of contention is that these segregation proceedings were wholly ineffectual to segregate the territory therein described from the city of San Diego; that the said territory remained and still is a part of the city of San Diego, and that therefore the incorporation and organization of the

defendant city within the territorial limits of San Diego was and is void."

The constitution, in section 8, article XI, provides that any city containing a certain named population may frame a charter, commonly called a freeholders' charter, for its own government, "consistent with and subject to the constitution and laws of this state," and that the charter so framed, when ratified by the qualified electors of the city and approved by the legislature, shall become the charter of such city and the organic law thereof; and also that " the charter so ratified may be amended at intervals of not less than two years, by proposals therefor, submitted by the legislative authority of the city to the qualified electors thereof, at a general or special election held at least sixty days after the publication of such proposals, and ratified by at least three-fifths of the qualified electors voting thereat, and approved by the legislature as herein provided for the approval of the charter."

The constitution also, in section 6 of article XI, provides that " cities or towns heretofore or hereafter organized, and all charters thereof framed or adopted by authority of this constitution, shall be subject to and controlled by general laws."

It is argued for appellant that the description of the boundaries of the city of San Diego, as found in its charter, constituted a part of the charter, and that the change of its boundaries by excluding therefrom " Coronado Beach" was in effect an amendment of the charter, which, under the constitutional provision above quoted, could not be made for at least two years after the charter became the organic law of the city.

The argument is unsound. It rests on the assumption that the constitutional provision referred to inhibits the amendment or change of a freeholders' charter, in any way, at intervals of less than two years, when, as clearly appears, the provision relates only to amendments made by and at the instance of the officers and electors of the city.

The constitution plainly declares that all charters of cities, framed or adopted by its authority, shall be subject to and controlled by general laws, and there is no limit of time as to when such laws may be passed and take effect.

The Act of March 19, 1889, providing for changing the boundaries of cities, and under which the proceedings complained of were had, was a general law, and was constitutional. (*People* v. *Common Council*, 85 Cal. 369.) This being so, the proceedings were authorized and must be sustained.

There are several decisions of this court which are in harmony with and tend to support the views above expressed, but we do not deem it necessary to cite them.

The case of *People* v. *City of Oakland*, 92 Cal. 611, cited by appellant, is not in point. In that case a freeholders' charter for the city of Oakland was approved by the legislature on February 14, 1889. After the charter was framed and before it was approved certain territory was annexed to the city under the provisions of the Act of March 13, 1883 (Stats. 1883, p. 93), but this annexed territory was not included within the boundaries of the city as described in the new charter. It was held that the old charter which was amended by the proceedings to annex additional territory was wholly superseded by the new charter, and the effect of such new charter was to detach the territory so annexed.

We advise that the judgment be affirmed.

SEARLS, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

GAROUTTE, J., PATERSON, J., HARRISON, J.