[No. 15544.    Department Two.—November 1, 1894.]

# B. F. TUTTLE, APPELLANT, *v.* JAMES N. BLOCK, RESPONDENT.

TAXATION—DEED FOR DELINQUENT TAXES—STATUTORY LIMITATION—MANDAMUS.—Where land was sold for delinquent taxes long prior to the amendment of February 13, 1885, to section 3788 of the Political Code which provides that "in all cases where land has been heretofore sold for delinquent taxes, the deed therefor must be made within one year and three months after this act takes effect, and, unless so made, the purchaser shall be deemed to have relinquished all his rights under such sale," and the purchaser failed to apply for a deed within the time limited by that amendment, he is not entitled to a writ of mandate to compel the tax collector to execute a tax deed.

ID —CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACT—REA-
SONABLE LIMITATION OF REMEDY.—The fact that prior to such
amendment of the Political Code there was no statutory limitation of
the time within which a deed must be made by the tax collector, after
the expiration of the period allowed for redemption, does not render the
amendment unconstitutional as impairing the obligation of the con-
tract of sale; but the amendment is a reasonable limitation of the time
within which a remedy may be allowed for the enforcement of the obli-
gation after the passage of the act.

ID. —POWER OF LEGISLATURE TO REDUCE PERIOD OF LIMITATION.—The
legislature has power to reduce the period of limitation from that pre-
scribed by law at the time when an obligation matured, and when a
right attached to an immediate, unconditional remedy to enforce the
obligation, provided the remedy is not impaired, nor the period of limi-
tation so much reduced as not to afford a reasonable time within which
to apply for the remedy.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.

The facts are stated in the opinion.

*Frank Shay,* for Appellant.

The purchase at a tax sale is a contract, made under
the law as it then exists, and upon the terms prescribed
by law, and no subsequent statute can import new terms
into it, or add to those before expressed. (Cooley on
Taxation, 2d ed., 545; *Robinson* v. *Howe,* 13 Wis. 341;
*Dikeman* v. *Dikeman,* 11 Paige, 484; *Merrill* v. *Dearing,*
32 Minn. 479; *Wolfe* v. *Henderson,* 28 Ark. 304; *Cargill*
v. *Power,* 1 Mich. 369; *Forqueran* v. *Donnally,* 7 W. Va.
114; *Sutton* v. *Stone,* 4 Neb. 319.) Laws relating to the
validity, construction, discharge, and enforcement are
part of the contract. (*Edwards* v. *Kearzey,* 96 U. S. 595–
601; *Von Hoffman* v. *Quincy,* 4 Wall. 535–50; *Mc-*
*Cracken* v. *Hayward,* 2 How. 608; *Bronson* v. *Kinzie,* 1
How. 311–19.) The obligation consists in the binding
force on the party who makes the contract, and that
depends on the laws in existence at the time when it is
made. (*Sturges* v. *Crowninshield,* 4 Wheat. 122–97;
*Edwards* v. *Kearzey,* 96 U. S. 595–601; *McCracken* v.
*Hayward,* 2 How. 608; *Robinson* v. *Magee,* 9 Cal. 84;
70 Am. Dec. 638.) The obligation of a contract com-

mences at its date, and continues until the act contracted to be done has been performed. (*Blair* v. *Williams,* 4 Litt. 34; *Forsyth* v. *Marbury,* R. M. Charlt. 324.) Whatever substantially defeats the end contemplated, impairs the obligation of the contract. (*Robinson* v. *Magee,* 9 Cal. 81; 70 Am. Dec. 638; *Townsend* v. *Townsend,* Peck, 1; 14 Am. Dec. 722; *Edwards* v. *Kearzey,* 96 U. S. 595.) As the law enters into the contract and forms a part of it the obligation of such a contract must depend upon the law existing at the time the contract is made. The contract then being complete and operative, the legislature cannot, by a subsequent act, impair its obligation. (*Robinson* v. *Magee,* 9 Cal. 81; 70 Am. Dec. 638. See, also, *People* v. *Bond,* 10 Cal. 563–72; *People* v. *Brooks,* 16 Cal. 10, 32, 33; *Montgomery* v. *Casson,* 16 Cal. 189–94; *Rose* v. *Estudillo,* 39 Cal. 270–74; *English* v. *Sacramento,* 19 Cal. 172–84; *Stafford* v. *Lick,* 7 Cal. 479.) An act which takes from a party that which before was his is unconstitutional. (*Rich* v. *Maples,* 33 Cal. 102–10.) Retrospective statutes impairing vested rights are unconstitutional. (*Jackson* v. *Lyon,* 9 Cow. 664–69; *Proprietors etc.* v. *Laboree,* 2 Me. 275; 11 Am. Dec. 79.) The right of a purchaser to a tax sale deed cannot be taken away by subsequent legislation. (*Bruce* v. *Schuyler,* 9 Ill. 221, 269, 274, 281; 46 Am. Dec. 447.) It is not competent for the legislature to pass an act impairing the obligation of a contract, nor can it deprive a citizen of his property or other vested right by mere legislative act. (*Dobbins* v. *First Nat. Bank,* 112 Ill. 553–66; *People* v. *Board of State Auditor,* 9 Mich. 327.) The legislature has no power to divest titles or legal or equitable rights previously vested, or to vest them in another. (*Helm* v. *Webster,* 85 Ill. 116; *Brown* v. *Morison,* 5 Ark. 217–21; *Grissom* v. *Hill,* 17 Ark. 489; *Koenig* v. *Omaha etc. R. R. Co.,* 3 Neb. 373; *Dewey* v. *Lambier,* 7 Cal. 347; *Stafford* v. *Lick,* 7 Cal. 479.) To extend the time for redemption is to alter the substance of the contract, as much as would be the extension of the time for payment of a promis-

sory note, and therefore the law is unconstitutional. (Cooley's Constitutional Limitations, 5th ed., 354.)

*City and County Attorney H. T. Creswell,* for Respondent.

The state may, without violation of the constitution, prescribe a limitation, where none existed when the contract was made; or may change the period of limitation after the contract is made, provided a reasonable time is given for the commencement of the suit, or the performance of the act, before the bar takes effect; and the legislature is the best judge of what is a reasonable time. (*Terry* v. *Anderson,* 95 U. S. 628. Also, *Koshkonong* v. *Burton,* 104 U. S. 668, 675; *Mitchell* v. *Clark,* 110 U. S. 633, 643; *McGahey* v. *Virginia,* 135 U. S. 662, 701, 707; *Wheeler* v. *Jackson,* 137 U. S. 245; *Kerckhoff etc. Lumber Co.* v. *Olmstead,* 85 Cal. 80; *People* v. *Campbell,* 59 Cal. 243; 43 Am. Rep. 257; *Hibernia etc. Soc.* v. *Hayes,* 56 Cal. 297; *Scarborough* v. *Dugan,* 10 Cal. 305.) This amendment to section 3788 of the Political Code is but a special statute of limitations, and is not within the constitutional inhibition against impairing the obligation of contracts. (*Wheeler* v. *Jackson,* 137 U. S. 245; *Vance* v. *Vance,* 108 U. S. 514–18; *Korn* v. *Browne,* 64 Pa. St. 55; *Watson* v. *Doherty,* 56 Miss. 628; *Ross* v. *Duval,* 13 Pet. 45; *Kerckhoff etc. Lumber Co.* v. *Olmstead,* 85 Cal. 80.) The following authorities directly support our position in case at bar: *Jackson* v. *Lamphire,* 3 Pet. 280; *Smith* v. *Morrison,* 22 Pick. 430; *Peirce* v. *Tobey,* 5 Met. 172; *Kenyon* v. *Stewart,* 44 Pa. St. 180; *Berry* v. *Ransdall,* 4 Met. (Ky.) 292; *Willard* v. *Harvey,* 24 N. H. 344–52; *Osborn* v. *Jaines,* 17 Wis. 577; *Tarpley* v. *Hamer,* 9 Smedes & M. 310; *Bank of Alabama* v. *Dalton,* 9 How. 522; *Curtis* v. *Whitney,* 13 Wall. 68; 2 Hare's American Constitutional Law, 714–16; 3 Am. & Eng. Ency. of Law, 754; Cooley's Constitutional Law, 456; Bushnell's Limitations and Adverse Possession, sec. 14.

VANCLIEF, C.—On the petition of plaintiff an alter-
native writ of mandate was issued to defendant in his
official character as tax collector of the city and county
of San Francisco, commanding him to execute to plain-
tiff a deed of a certain lot of land which had been sold
by defendant's predecessor in office to plaintiff's as-
signor for delinquent taxes, or to show cause why he
had not done so.

The court sustained defendant's demurrer to the
petition on the ground that it does not state facts suf-
ficient to entitle plaintiff to the writ, and thereupon
dismissed the proceeding. From this judgment the
plaintiff appeals.

The petition and affidavit of plaintiff show that the
lot in question was on March 31, 1875, regularly sold to
William Bosworth for delinquent taxes theretofore prop-
erly assessed to W. W. Lapham as owner, and that a
certificate of such sale in due form was then issued by
the tax collector to Bosworth; that the lot has never
been redeemed from said sale; that after the time for
such redemption had expired, to wit, December 1, 1875,
Bosworth assigned the certificate of sale, with all his
rights incidental thereto, to the plaintiff; that plaintiff
thereupon entered into possession of the lot, and has ever
since had sole possession thereof, and that the same has
ever since been assessed to him for taxes, all of which
taxes he has paid; that on March 20, 1893, the petitioner
presented said certificate of purchase to defendant, and
demanded that he, as tax collector, etc., officially exe-
cute to petitioner a deed for said lot, and, at the same
time, tendered to defendant three dollars as and for his
lawful fee for making such deed; but that defendant
then refused, and ever since has refused, to execute
such deed.

The specific and only ground upon which the demurrer
was sustained is that the petition shows that petitioner's
right to the writ is barred by section 3788 of the Politi-
cal Code as amended February 13, 1885, which, among
other things, provides: " In all cases where land has

been heretofore sold for delinquent taxes the deed therefor must be made within one year and three months after this act takes effect, and, unless so made, the purchaser shall be deemed to have relinquished all his rights under such sale."

Neither at the time of the tax sale to Bosworth, nor at any time prior to the enactment of this amendment (February 15, 1885) of section 3788 of the Political Code, was there any statutory limitation upon the time within which the deed must have been made by the tax collector, except that it could not have been made until after the expiration of the period allowed for redemption, which period expired in this case in 1875, more than nine years before the passage of the amendment.

Appellant contends that, by virtue of the contract of sale, he was entitled to a deed from the defendant, not only at the time the amendment was passed, but indefinitely thereafter, including the time when this proceeding was commenced, eight years after the passage of the amendment, and more than six years after the expiration of the period of limitation prescribed by the amendment; and, therefore, that the limitation of his right of action to compel the defendant to execute such deed to the period of one year and three months after the amendment took effect impairs the obligation of the contract of sale, and for this reason is repugnant to section 16 of article I of the constitution of this state, which prohibits the passage of any law "impairing the obligation of contracts."

The amendment in question is clearly a prospective statute of limitation of the time within which the tax deed must have been made, and consequently a like limitation of the time within which an action must have been commenced to enforce the making of such deed; and, as such, does not impair nor purport to impair the obligation to make the deed, but merely prescribes a reasonable period of time, *after the passage thereof*, within which an action for a breach of such obligation must have been commenced.

It is claimed, however, that under the contract of sale the obligation to make the deed was without any limitation by law as to the time within which the deed must be made or the obligation enforced; and therefore that it was an essential part of the obligation of the contract that the time within which it might be enforced should be unlimited, and that the passage of a law, after the maturity of the obligation, limiting the time within which it could be enforced, impairs this essential part of the obligation of the contract.

This argument, though often made heretofore, has been answered and almost uniformly overruled by the highest authorities. It is well settled that a reasonable limitation of the time within which a matured contractual obligation may be enforced by suit does not impair the obligation of the contract in the sense of the constitutional prohibition cited; and it has been often held that a limitation to one year, and even to six months, is not unreasonable, and does not impair the obligation of the contract nor deprive the obligee of an adequate remedy. Of the great number of authorities to this effect only the following, deemed specifically in point, need be cited: *Terry* v. *Anderson,* 95 U. S. 628; *Vance* v. *Vance,* 108 U. S. 514; *Wheeler* v. *Jackson,* 137 U. S. 245; *Kerckhoff etc. Lumber Co.* v. *Olmstead,* 85 Cal. 80; *Korn* v. *Browne,* 64 Pa. St. 55.

Upon the question under consideration the authority of the supreme court of the United States is paramount, since the federal constitution also prohibits the passage of a law, by any state, impairing the obligation of contracts, and that court, upon writ of error, may review and reverse the final judgment of the highest court of law or equity of any state upon this question.

The appellant relies principally upon the cases of *Robinson* v. *Magee,* 9 Cal. 81, 70 Am. Dec. 638, and *Rollins* v. *Wright,* 93 Cal. 395. But I think those cases distinguishable from the case at bar. The law which was held to impair the obligation in each of those cases required the obligee to perform an onerous act, not

required by the contract nor by any law in force at the time the obligation matured, as a condition precedent to any remedy for a breach of the obligation; whereas, in this case the law in question requires no such condition; but, on the contrary, assumes the right of the obligee to an immediate unconditional remedy, and merely limits the time, prospectively, within which such remedy must be sought or prosecuted to one year and three months. If this is not a substantial distinction, available to exempt this case from the rule announced in those cases, neither is there any such distinction between those cases and that of *Kerckhoff etc. Lumber Co. v. Olmstead*, 85 Cal. 80, nor between them and the decisions of the supreme court of the United States above cited; and the consequence must be that the legislature is prohibited from reducing the period of limitation of actions *ex contractu* from that prescribed by law at the time the obligation matured, even though the remedy is not thereby impaired nor the period of limitation so much reduced as not to afford a reasonable time within which to apply for the remedy. In view of the authorities it seems clear that such a consequence is not admissible.

If, as I understand counsel to claim, the amendment of section 3788 of the Political Code purports to deprive appellant of vested rights other than the alleged right to unlimited time within which to commence this proceeding, no question as to any such other right is involved in this appeal, and therefore need not be considered.

I think the judgment appealed from should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.