[Civ. No. 957.    Second Appellate District.—February 11, 1911.]

## TITLE INSURANCE AND TRUST COMPANY, a Corporation, C. C. PATTERSON et al., Petitioners, v. R. M. LUSK et al., Respondents.

STREET IMPROVEMENT BEGUN UNDER ACT OF 1903—CONTINUANCE UNDER ACT OF 1909—RIGHT OF ABANDONMENT—ENTRY OF INTERLOCUTORY JUDGMENT.—Although a street improvement was begun in 1907 under the act of 1903, which authorized the city council to abandon the proceeding at any time before payment of the compensation awarded to the defendants, yet where it was pending at the time of the act of 1909, which required its continuance thereunder, an abandonment thereafter by the city council was expressly limited by that act to the time of the entry of the interlocutory judgment in favor of the several defendants for the sums determined as damages for the taking of the lands.

ID.—CONSTITUTIONAL CHANGE OF PENDING PROCEEDING—LIMITATION OF ABANDONMENT—CHANGE OF REMEDY.—The provision of section 11 of the act of 1909 that proceedings for a street improvement pending at the time of the passage of that act shall be continued under the provisions of that act is not violative of the constitutional inhibition against vested rights because of the limitation of the right of abandonment under that act, as it only affects the remedy of abandonment as distinguished from the right.

ID.—POWER OF LEGISLATURE TO CHANGE REMEDIES.—Remedies must always be under the control of the legislature; and where a reasonable remedy is provided, it is immaterial that it alters one previously existing.

ID.—REMEDY NOT UNREASONABLY IMPAIRED—CITY NOT IN POSITION TO OBJECT.—The city is not in a position to object that the remedy of abandonment was unreasonably impaired, since the record shows that nearly nine months elapsed between the passage of the act of 1909 and the entry of the interlocutory judgment, during which time it had notice of the limitation upon the remedy of abandon-

ment and dismissal imposed by section 14 of that act; and the remedy cannot be said to be unreasonably impaired.

ID.—REFUSAL OF CITY COUNCIL TO PROCEED WITH OBJECTIONS TO ASSESSMENT—CLAIM OF FURTHER RIGHT TO ABANDON—MANDAMUS.— Where the city council, after the interlocutory judgment, refused to proceed with the hearing of objections to the assessment of damages, under an unwarranted claim of a further right to abandon the proceedings, *mandamus* will lie to compel the city council to perform the official duty, as required in section 19 of the street law of 1909, to pass upon and determine the questions involved in the protests against the assessment, and either to confirm and modify the assessment or to order a new assessment.

ID.—PROPER REMEDY BY WRIT OF MANDATE—ABSENCE OF ADEQUATE REMEDY.—Under section 1085 of the Code of Civil Procedure a writ of mandate may be issued to compel the performance of an act which the law specially enjoins as a duty resulting from an office, where there is, as in this case, no other plain, speedy and adequate remedy open to the petitioners for the writ.

ID.—CONSTITUTIONALITY OF ACT OF 1909.—The act of 1909 is not unconstitutional as involving special legislation. The procedure thereunder cannot be said to be special, because it is peculiar to the character of the action to which it is applied, nor because it expressly limits the right of condemnation therein, as distinguished from the right conferred by section 581 of the Code of Civil Procedure.

ID.—REMEDY FOR IRREGULARITIES IN PRIOR PROCEEDINGS—EQUITABLE ACTION.—No remedy is allowable under the act of 1909 for irregularities in the proceedings prior to the interlocutory judgment. But if parties are aggrieved by any irregularities claimed to affect the jurisdiction prior thereto, their only remedy is by an equitable action in the superior court.

APPLICATION for writ of mandate to the city council of the city of Los Angeles.

The facts are stated in the opinion of the court.

Thomas C. Ridgway, and Hatch, Lloyd & Hunt, for Petitioners.

John W. Shenk, City Attorney, C. E. Haas, Deputy City Attorney, and Ward Chapman, *Amicus Curiae,* for Respondents.

ALLEN, P. J.—It appears from the petition and affidavit filed that heretofore, in 1907, under the provisions of the

street improvement act of 1903 [Stats. 1903, c. 268], the city
council of Los Angeles duly adopted an ordinance declaring
its intention to order the widening of Eighth street, between
Main street and Central avenue; said ordinance further desig-
nated the land necessary and convenient to be taken for such
improvement, and fixed the boundaries of the assessment dis-
trict, within which was included the property benefited by
such improvement; that this ordinance was approved and
published, and was followed by a subsequent ordinance order-
ing the improvement to be made and directing the city attor-
ney to bring an action in the name of the city of Los Angeles
for the condemnation of the property described in said ordi-
nance necessary to be taken for the improvement mentioned.
The action was instituted by said city attorney on July 3,
1907, against those whose lands were to be taken for such im-
provement. It is not shown at what date the trial was had or
verdict returned, but it does appear that on January 3, 1910,
an interlocutory judgment was entered in favor of the several
defendants for the sums determined as damages which should
be awarded the various defendants by reason of the taking of
the land for the contemplated improvement. It will be pre-
sumed, in view of section 6 of the street law, to the effect that
actions for the condemnation of property brought thereunder
shall in all respects be subject to and governed by such pro-
visions of the Code of Civil Procedure now existing or that
may hereafter be adopted, as may be applicable thereto, except
in the particulars otherwise provided for in this act, that the
judgment was entered by the clerk within twenty-four hours
after the rendition of the verdict, as provided by section 664
of the Code of Civil Procedure. It further appears that after
the entry of said interlocutory judgment, to wit, on the
twenty-ninth day of July, 1910, a diagram of said improve-
ment and of the property within the assessment district de-
scribed in the ordinance, with the assessment, were filed with
the clerk of the city council of the city of Los Angeles; that
thereafter protests were filed against such assessment on the
ground that the same was inequitable; that upon the hearing
of such protests, to wit, on the fifteenth day of November,
1910, the same were sustained by the city council, but that the
city council have ever since failed and refused, and now fail
and refuse, to either confirm, modify, or correct said assess-

ment, or to order a new assessment, or to take any of the proceedings specified in section 19 of the act of 1909, justifying their action upon the claim that they desire to abandon the proceedings, and pursuant thereto have directed that an ordinance be prepared abandoning the proceedings and directing that said ordinance be presented for passage. Respondents interpose a general demurrer to the petition.

The proceedings set forth in the petition were instituted under the provisions of the street law of 1903, under section 14 of which act the right to abandon the proceedings by ordinance and cause a dismissal thereof without prejudice was given at any time prior to the payment of the compensation awarded to the defendants. Section 14 of the act of 1909, approved April 21, 1909, provides that the city council may at any time prior to the entry of interlocutory judgment abandon the proceedings by ordinance and cause said action to be dismissed without prejudice. Section 11 of the act of 1909 provides that any proceeding or action for any improvement as provided for in the act, already commenced and pending at the time the act takes effect, under and by virtue of any ordinance of intention theretofore passed, shall, from the stage of any such proceeding or action already commenced and in progress at the time of the act taking effect, be continued under the provisions of that act. It was insisted upon oral argument that section 11 is violative of the constitution in that it impairs a right once vested. This section affects a remedy as distinguished from a right. "Remedies must always be under the control of the legislature" (Cooley's Constitutional Limitations, p. 381); and where a reasonable remedy is provided, it is immaterial that it alters one previously existing. No one may question the constitutionality of a legislative act unless its enforcement would work an injury to the complaining party. Whatever may be the effect which should be given this section in cases where the remedy is shown to be unreasonably impaired, the city in the case at bar is not in position to insist upon its unreasonable character, for it is apparent from the record that nearly nine months elapsed between the passage of the act of 1909 and the entry of the interlocutory judgment, during all of which time it had notice of the limitation upon the remedy of abandonment and dismissal imposed by section 14. It cannot, there-

fore, be said that this section unreasonably impaired the remedy in the case under consideration, and this case is brought within the rule of *Terry* v. *Anderson,* 95 U. S. 628, [24 L. Ed. 365], and the other cases cited in *Tuttle* v. *Block,* 104 Cal. 449, [38 Pac. 109]. It follows, then, that all proceedings connected with the improvement by the council originally ordered were, after April 21, 1909, controlled by the act of that date, which must be construed as limiting the right of dismissal and abandonment to the time of the entry of the interlocutory judgment. This being established, the city council possessed no right, even though the proceedings were instituted under the act of 1903, to abandon the same or direct a dismissal of the condemnation or other proceedings, after it had procured to be entered the interlocutory judgment.

There remains, then, but one question, which relates to the right of this court to direct a city council to proceed, as by section 19 of the act they are required to do, in passing upon and determining, as in their discretion and judgment is proper, the questions involved in the protests as to the assessment and the orders with reference to its confirmation or modification, or the ordering of a new assessment in lieu of the original assessment filed. We are of opinion that such action upon the part of the city council is a duty resulting from an office, and that under section 1085 of the Code of Civil Procedure a mandate may be issued to compel the performance of an act which the law specially enjoins as a duty resulting from an office; and that no plain, speedy and adequate remedy in the ordinary course of law is open to the petitioners.

We are not in sympathy with the contention of respondents that the act of 1909 is in contravention of the constitution, which prohibits special legislation. The procedure may not be said to be special because it is peculiar to the character of the action with reference to which it is prescribed. (*Clute* v. *Turner,* 157 Cal. 73, [106 Pac. 240]; *People* v. *Henshaw,* 76 Cal. 436, [18 Pac. 413]; *Hellman* v. *Shoulters,* 114 Cal. 136, [44 Pac. 915, 45 Pac. 1057].) Nor are we of the opinion that subsection 2 of section 581 of the Code of Civil Procedure in any wise affects the question here involved. The street law by express terms limits the control of the provisions of the Code of Civil Procedure to such cases as are not specially pro-

vided for in the act, and we find in the act of 1909 an express provision, which limits the right of dismissal in condemnation proceedings, different from the right accorded the court in the dismissal of actions under section 581. We are of opinion, therefore, that the street act and its various provisions with reference to the procedure connected with the condemnation of property by municipalities for street purposes is constitutional, and that under such act no dismissal of the action or abandonment of the proceedings could be had after the entry of the interlocutory judgment; that the petition here presented presents facts sufficient to entitle petitioners to a writ directing the city council to proceed and confirm, correct or modify the assessment presented to them, or order a new assessment, as in their judgment is proper in the premises.

We do not desire to be understood as passing upon any questions sought to be raised as to the regularity of the proceedings before the city council anterior to the entry of the interlocutory judgment. We have heretofore by an order denied the right of those affected by the improvement to intervene and raise such questions in this proceeding, upon the theory that, if any irregularities in the proceedings connected with the ordinances or orders as affecting the jurisdiction of the city council to order the improvement in fact exist, a remedy full and complete may be had by appropriate equitable action in the superior court, and that this proceeding is inappropriate for the determination of such questions.

An order will be entered overruling respondents' demurrer to the petition.

Shaw, J., and James, J., concurred.