[L. A. No. 122.  Department Two.—September 25, 1897.]

JOSEPH FREDERICK, Respondent, v. CITY OF SAN LUIS OBISPO et al., Appellants.

118  391
124  701

DISINCORPORATION OF MUNICIPALITY—MANDAMUS—CALL FOR ELECTION—SUFFICIENCY OF PETITION.—Under the act of 1895 requiring the board of trustees of a city of the sixth class to call an election on the question of disincorporating the municipality, upon receiving a petition in that behalf signed by not less than one-fourth of the qualified electors of the municipality, it is no objection to the sufficiency of the petition that it did not represent the subscribers as qualified electors, but described them only as citizens of the city, if the signers were qualified electors in fact; and where the complaint in man lamus to compel the call of the election avers that the petition was signed by the requisite number of qualified electors, it is the fact of the receipt of such a petition, and not the fact that it describes the subscribers as electors, which under the statute imposes the obligation to call the election.

ID.—INQUIRY BY BOARD OF TRUSTEES—QUALIFICATION OF SIGNERS TO PETITION. Whether the names subscribed to the petition were those of electors is matter for consideration by the board; and an affirmative allegation of that fact in the petition would neither preclude nor materially aid the inquiry.

ID.—COMPLAINT FOR MANDAMUS—"PARTY BENEFICIALLY INTERESTED"—OWNER AND TAXPAYER.—It is sufficient in a complaint for mandamus to show that the complainant is a "party beneficially interested," within the meaning of section 1086 of the Code of Civil Procedure, to aver that he is a property owner and taxpayer.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. W. B. Cope, Judge.

The facts are stated in the opinion of the court.

W. H. Spencer, for Appellants.

Graves & Graves, for Respondent.

THE COURT.—*Mandamus.*  The court below awarded a peremptory writ requiring the board of trustees of San Luis Obispo to call an election on the question of disincorporating the municipality under the act (Stats. 1895, p. 115) to provide for the disincorporation of cities of the sixth class.  It is contended on appeal that plaintiff's complaint or affidavit—to which defendant interposed a demurrer—did not make a case for the issuance of the writ.

Said act makes it the duty of the board of trustees to call an election for the purpose stated upon receiving a petition in that behalf signed by not less than one-fourth of the qualified electors of the municipality; and it is objected that the petition presented to the board in this instance was ineffectual because it contained no representation that the subscribers thereto were qualified electors, but described them only as citizens of the city of San Luis Obispo.  The objection cannot be sustained.  It is shown by averment in the complaint that the petition was signed by the requisite number of qualified electors; and it was the fact of the receipt of such a petition which under the statute imposed the obligation on the board to call an election; whether the names subscribed were those of electors was, of course, a matter for consideration by the board, and an affirmative allegation on the subject in the petition itself would neither preclude nor materially aid the inquiry.

It is contended by appellants that the complaint does not show the respondent to be a "party beneficially interested" within the meaning of section 1086 of the Code of Civil Procedure, and that, therefore, he has no standing to maintain this proceeding; and they rely for this contention upon the doctrine of *Linden v. Alameda County,* 45 Cal. 6.  But in the Linden case the averment was merely that the petitioner was a qualified elector in the county; while in the case at bar the averments are that the respondent is a resident and elector within said city, "and is the owner of real and personal property therein which is annually taxed for municipal purposes."  This distinguishes the case at bar from the Linden case, which latter case is the only one to

which our attention has been called in which the petitioner rested merely upon the general allegation that he was an "elector" or a "citizen." Whatever, under the various decisions which have been made on the subject, the law may be in other respects, it is sufficient, at least in a case like the one at bar, to aver that the petitioner is a property owner and taxpayer. (*Hyatt v. Allen*, 54 Cal. 353; *Maxwell v. Supervisors*, 53 Cal. 390; *Eby v. School Trustees*, 87 Cal. 166. See, also, *Wiedwald v. Dodson*, 95 Cal. 450.) There are also other cases in which this court assumed that it was sufficient for the petitioner to aver that he was a property owner and taxpayer.

The judgment appealed from is affirmed.