[S. F. No. 598.    Department One.—November 6, 1897.]

SANTA ROSA LIGHTING COMPANY, Appellant, v. E. F. WOODWARD et al., Respondents.

MUNICIPAL CORPORATIONS—LIGHTING STREETS—LETTING CONTRACT—DEMAND ON CITY COUNCIL.—The city council or boards of trustees of municipalities are charged with notice of the act of March 26, 1895, requiring the letting of contracts for lighting public streets, and it is not necessary for a party seeking to compel them to comply with the requirements of that act to embody in his formal demand all its provisions or to specifically point out the steps demanded to be taken. It is sufficient, so far as the demand is concerned, to make it upon the council.

ID.—DISCRETION AS TO LIGHTING STREETS—MANDAMUS TO COMPEL ADVERTISEMENT FOR BIDS.—The courts will not compel a city council to exercise its discretion as to whether the streets of its municipality should or should not be lighted; but where its past and present official conduct unmistakably show  that it has determined that the city should be lighted by electricity, and there is no valid binding contract standing in the way of proceeding under the act of 1895, a writ of mandate will lie at the instance of a taxpayer to compel it to advertise for bids for such lighting, as required by that act, without any showing by him of actual pecuniary damage. It will be presumed that the disregard by the council of the requirements of the statute is injurious.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order refusing a new trial.    William R. Daingerfield, Judge.

The facts are stated in the opinion.

E. S. Pillsbury, and James W. Oates, for Appellant.

W. E. McConnell, and O. O. Webber, for Respondents.

CHIPMAN, C.—On November 19, 1895, the judge of the superior court of Sonoma county issued the alternative writ of the court directed to the defendants, the common council of the city of Santa Rosa, commanding them to advertise, as required by law, for bids for the lighting of the streets and public buildings and other public places of said city, and to show cause why a peremptory writ of mandate should not issue requiring them so to act.

A demurrer to the original petition was sustained and ten days

given to amend, and in the mean time the alternative writ was continued in force.

A verified amended petition was filed and a verified answer was filed. The cause was tried by the court, and judgment went for defendants dismissing the writ. Plaintiff appeals from the judgment and from the order denying its motion for a new trial.

It is sought to compel the defendants to advertise for sealed proposals for lighting the city and to let a contract under such advertisement. The action is brought under an act approved March 26, 1895 (Stats. 1895, p. 191), section 1. The act provides that "before any city . . . . shall enter into any contract for the lighting of its streets . . . . the city council . . . . shall advertise for bids for such lighting," etc. Section 2 provides that "all contracts . . . . shall be let to the lowest bidder," the city reserving the right to reject all bids. Section 3 provides how the bids are to be submitted, and that when a bid is accepted the city shall enter into a contract embodying the specifications, etc., "but no contract shall be made for a longer period than one year . . . . and shall go into effect within six months after the bid is approved." Respondents contend that, while injunction might lie if the council was lighting the streets since the act of 1895, without a contract, appellant has not shown any defined legal right in itself nor a corresponding duty devolved upon the council which they have refused to perform; that there must be a specific act specifically demanded of defendants, and that no such demand is alleged or proven. The sixth finding of fact is: "That plaintiff, since the third day of July, 1894, prior to commencing the suit, requested defendants to proceed and let a contract for lighting the streets of the city of Santa Rosa, but did not demand that said council proceed in any specified manner, and did not specify what acts defendants should perform in connection with the letting of said contract. That defendants did refuse to comply with plaintiff's said request, and have not since the third day of July made any contracts for lighting said streets." Finding XIV is: "That the plaintiff subsequently to July 31, 1894, and after the twenty-sixth day of March, 1895, demanded of said common council and of the members thereof that they have the lighting of the streets and other public places

of said city done by contract, and that they advertise for bids for such lighting."

The act of March 26, 1895, is a part of our statute law of which defendants had notice. It was not incumbent upon plaintiff to embody in a formal demand all the provisions of the act or to specifically point out the steps demanded to be taken. It was enough, so far as the demand was concerned, to make it upon the council, as the court found was done.

Upon the proposition that the courts have no power to compel a contract to be entered into, respondents cite *Splivalo v. Bryan,* 102 Cal. 403. In that case, it was found that the statute relied upon left the matter, whether a contract to sprinkle a public highway should be let after advertising for bids, to the discretion of the board of supervisors. It was not a discretion alone as to the expediency of doing the work, but whether it should be done by contract upon previous advertisement. Another case relied upon is that of *Boyne v. Ryan,* 100 Cal. 265, where it was sought to compel the district attorney of a county to institute a suit. *Fairchild v. Wall,* 93 Cal. 401, is also cited upon the proposition that the council had entered into a contract, and had refused to make another, and its act of refusal was final. If the contract of July 3d, upon which alone defendants rely, was a completed and valid contract, the case cited would have some application, but not otherwise, and, as no contract was completed at that time, it is not in point. It will not be and is not contended that the courts will compel a city council to exercise its discretion as to whether the streets should or should not be lighted. The council, having all the facts before it as to the financial ability of the corporation to incur the expense, and knowing the wish of the citizens and property holders, alone must decide. And this discretion is not so lodged with the council as that the courts can compel its exercise, as was said could be done in *Jacobs v. Board of Supervisors,* 100 Cal. 121, where the constitution devolved a duty and required its performance, to wit, the fixing of water rates annually. There it was held that the writ might be used to compel the exercise of discretion, but, when exercised, it could not be used to compel an abandonment of that judgment. Appellant concedes, for the purposes of this case, that the council cannot be compelled

to cause the streets to be lighted unless it has determined that the streets should be lighted; but it is contended that as soon as it has so determined the law steps in and prescribes the only mode by which it can be done, which is by contract let to the lowest bidder after bids have been advertised for and notice given as provided in the act of 1895.

The first question then is, Has the council determined that the streets of Santa Rosa shall be lighted? This can be answered only by referring to the proceedings disclosed in the record. In 1891 the council made a contract with plaintiff to light the streets by thirty or more arc electric lamps for three years from August 1st of that year. On July 3, 1894, it resolved to enter into a contract for three years from August 1, 1894, with the Merchants' Lighting Company, to light the streets with arc electric lamps in such number as the council might determine, and the formal written contract provided for thirty-five or more. This contract not having been signed by the mayor or anyone for the city, the council made a temporary arrangement on July 31st with this company to furnish such lights as might be required. On November 17, 1894, it rescinded the action of July 3d. On May 14, 1895, a motion to shut off the street lights was defeated. The council ever since July 31, 1894, has been approving bills rendered for lighting the streets. The practical situation seems to be that there was no completed contract entered into on July 3d; that the contract of July 31st was temporary, and by the terms of the offer was to continue only during the pendency of the injunction suit, and is therefore terminated, and there is now no contract, but the council refuses to advertise for bids under the act of 1895, and the law is being evaded (whether purposely or not cannot be said) by simply assuming to pay for the service under the contract of July 3d.

The council when this action was brought was and presumably is now in effect making contracts from day to day to light the streets. The proceedings show with sufficient clearness that the council have determined that the city should be lighted by arc electric lamps, and there is no valid binding contract standing in the way of proceeding under the act of 1895 to let this service as therein provided. It would be an impeachment of

the intelligence and enterprise of the citizens of Santa Rosa to assume that they desired her streets to go unlighted. I think it sufficiently appears that the council has resolved to continue lighting the streets. The object and intention of the act of 1895 are too plain for doubt. It was designed to secure to the citizens and tax payers of cities and towns the advantage of open competition and to secure the service at the lowest price by letting contracts to the lowest responsible bidder. I do not believe that the law can be evaded by simply employing some person or corporation from day to day to perform the service. A construction of the law that would allow this to be done would nullify the object of its enactment.

Respondent contends that the only remedy is by injunction to stop an illegal payment of the warrants, but that no relief can be given by *mandamus.* It was held in *Eby v. School Trustees,* 87 Cal. 166, that the equitable remedy does not deprive a party of the legal remedy by *mandamus.* The court below found "that the burdens of taxation have not been increased by reason of any neglect of duty on the part of the council, . . . . by reason of paying more for said lights than it otherwise would," and "that the plaintiff is not being damaged by the acts of defendants, and their taxes have not been increased by reason of any neglect of duty on the part of defendants." It was alleged by plaintiff and not denied that it was the owner of real estate situated in the city of Santa Rosa, subject to taxation by said city for city purposes, and was at all the times mentioned in the petition a taxpayer of said city. The plaintiff offered to furnish the lights required for one dollar less per light per month than was paid to the Merchants' Lighting Company, and there is no evidence that it was irresponsible or unable to perform the service; it had done so for three years, and there is no evidence that the service was unsatisfactory to the council. Besides, as a tax payer plaintiff was beneficially interested, and I do not think it essential, upon an application in a proper case designed to compel compliance with statute law, that the party must show actual pecuniary damage. It should be presumed that where the law enjoins a duty upon a municipal body, and specifically points out the mode of its performance, that a violation of that duty and a disregard of the mode of its performance will work injury.

In my opinion the findings designated as II and III stated above are not supported by the evidence. There are other findings more or less dependent upon these two which are also unsupported by the evidence.

It is recommended that the judgment be reversed and the motion for a new trial be granted.

Belcher, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the motion for a new trial is granted.

　　　　　　　　　　　Garoutte, J., Van Fleet, J., Harrison, J.