[Civ. No. 1984. First Appellate District.—July 5, 1917.]

## CAPUCHINO LAND CO. (a Corporation), Respondent, v. BOARD OF TRUSTEES OF THE CITY OF SAN BRUNO (a Municipal Corporation), et al., Appellants.

MUNICIPAL CORPORATIONS—ANNEXATION PROCEEDINGS — SUFFICIENCY OF PETITION—JUDICIAL ACT—REVIEW BY COURTS.—Under the provisions of the act of 1889 (Stats. 1889, p. 358), providing a method for the inclusion of outside inhabited territory within the corporate limits of municipalities, the initial action of the board of trustees in determining whether a petition for annexation is sufficient is judicial in its nature and subject to review in a proceeding in *certiorari.*

ID.—CHARACTER OF TERRITORY—DETERMINATION OF GOVERNING OFFICIALS—WHEN REVIEWABLE.—While it is true that the question as to whether certain territory lying adjacent to a municipality and sought to be embraced within its boundaries is or is not inhabited territory within the intent and meaning of the statute of 1889 would, in many cases, be a difficult question to determine, and that in such cases the determination of the question is one which the electors occupying such territory should rightly be left to decide, still when a case is presented in which the particular tract of land sought to be included is of such size, area, location, isolation, and state of uninhabitancy as to render it perfectly apparent that it falls clearly without and beyond the scope and intent of the statute, the determination of the governing officials of the adjacent municipality to bring such an area within its civic boundaries should be the subject of inquiry through the writ of review.

ID.—UNINHABITED TERRITORY.—A compact rectangular body of land embracing 1,890 acres, which has apparently never been subdivided or intersected with streets, and which has not a house upon it, and which consists entirely of grazing, marsh, and tide lands, is not "inhabited territory," within the meaning of the statute of 1889.

APPEAL from a judgment of the Superior Court of San Mateo County. John L. Hudner, Judge Presiding.

The facts are stated in the opinion of the court.

Mason & Locke, and Kirkbride & Gordon, for Appellants.

Arthur H. Redington, for Respondent.

RICHARDS, J.—This is an appeal from the judgment in petitioner's favor upon a hearing of its application for a writ of review, wherein the petitioner sought to have reviewed and annulled the action of the board of trustees of the city of San Bruno in calling and holding an election for the proposed annexation of certain territory to and its inclusion within the corporate boundaries of said municipality.

The election was called and held under the provisions of the act of 1889 (Stats. 1889, p. 358), providing a method for the inclusion of outside inhabited territory within the corporate limits of municipalities. The lands of the petitioner sought to be made the subject of such inclusion within the corporate limits of the city of San Bruno consisted of a tract of land lying adjacent to the eastern boundary of its present corporate limits, comprising 1,890 acres in one rectangular piece, and extending thence eastward to and some distance into the tide waters of the bay of San Francisco. This particular tract is entirely uninhabited, but adjacent to it, lying across the railroad tracks which run along a portion of its western line, is another and separate tract of land comprising sixty-two acres, and known as Lomita Park, which has been subdivided and sold in small lots, and which is inhabited by a population of 190 persons. The city of San Bruno was incorporated as a city of the sixth class in December, 1914. In the month of June, 1915, the board of trustees of the said city received a petition containing 111 signatures of persons asserting themselves to be and constitute the necessary one-fifth of the qualified electors of the municipality required by the statute, which petition described the territory sought to be included within the limits of the municipality through the holding of an annexaion election, and which description embraced the lands of the petitioner. The board of trustees of said city entertained said petition; decided that it was sufficient in point of signatures and description to require the calling of such election, and then proceeded in accordance with the directions of the statute to call and hold the same. The jurisdiction of said board so to do was the subject of successful assault in this proceeding before the trial court, and from its judgment annulling the proceedings for the calling and holding of such election the present appeal has been taken.

The chief and vital point urged by the petitioner before the trial court and insisted upon on this appeal is that the face of the record discloses, and the fact is, that the said lands of the petitioner constitute a segregated uninhabited territory which is of such comparative area and so situated as not to be susceptible of being brought within the intent and meaning of the term "uninhabited territory" as employed in the statute of 1889; and hence that its annexation either by itself, or by the attempted inclusion within the same description with itself of another and separate inhabited area, was beyond the jurisdiction of said board of trustees of the city of San Bruno.

The answer which the appellants make to this contention is twofold—the first being that the action of the said board of trustees in the matter of the calling and holding of the election in question is not judicial in its character, but is purely administrative, and hence not the subject of review of this proceeding, and this for the reason that the statute under which the election was called and held gives to the governing bodies of municipalities no discretion in the matter of calling and holding an annexation election upon the presentation of a proper petition therefor, signed by the requisite quota of electors, and containing the proper description of the territory to be embraced within the boundaries of the city; and it is therefore argued that the writ of *quo warranto* would be the proper and only remedy for the acts of the appellants of which the petitioner herein complains.

As to this contention we are clearly of the opinion that while it is true that the statute in question reposes no discretion in the board of trustees as to the matter of issuing its call for an annexation election upon the presentation of a properly signed and worded petition therefor, and that its acts in the premises from that time forth would be administrative, and hence not the proper subject of review in this proceeding, yet the initial action of the board of trustees in determining whether a petition in all respects sufficient to set in motion the compulsion of the statute in the matter of calling and holding such election had been presented before it, was essentially judicial in its nature, and hence was and is the proper subject of review in this proceeding.

The controlling authorities sustaining this view are *Stumpf* v. *Board of Supervisors*, 131 Cal. 364, [82 Am. St. Rep. 350,

63 Pac. 663]; *Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180, [149 Pac. 35, 9 N. C. C. A. 466]; *People* v. *Oakland,* 123 Cal. 598, [56 Pac. 445]; *Levee District* v. *Farmer,* 101 Cal. 178, [23 L. R. A. 388, 35 Pac. 569]; *People* v. *Ontario,* 148 Cal. 625, [84 Pac. 205].

The case of *Frederick* v. *City of San Luis Obispo,* 118 Cal. 391, 392, [50 Pac. 661], cited in the closing brief of appellants, is not in conflict with the rule adhered to in the foregoing cases, for that was a proceeding in *mandamus* to compel the holding of an election after the presentation of a proper petition therefor; and the question of the nature of the action of the city officials in passing upon the sufficiency of the petition itself was not the subject of inquiry or decision in that case.

The second and final contention of the appellants is that the question as to whether or not the territory sought to be brought within the boundaries of the city by the annexation election is inhabited territory within the meaning and intent of the statute of 1889 is a purely political question, to be determined in the first instance by the electors presenting the petition, by the board of trustees in their adoption of the proposed boundaries of the enlarged city, and finally by the voters themselves within the prescribed territory sought to be annexed; and that as to such determination the courts have no right to interfere.

While it is true that the question as to whether certain territory lying adjacent to a municipality and sought to be embraced within its boundaries is or is not inhabited territory within the intent and meaning of the statute of 1889 would, in many cases, be a difficult question to determine, owing to the fact that the suburbs of cities frequently embrace areas more or less thinly populated, with considerable stretches sometimes of vacant lots or lands; and that in such cases the determination of the question as to whether the areas sought to be embraced within the city are sufficiently inhabited so as to be properly included within it is one which the electors occupying said areas should rightly be left to decide; still, when a case is presented in which the particular tract of land sought to be included is of such size, area, location, isolation, and state of uninhabitancy as to render it perfectly apparent that it falls clearly without and beyond the scope and intent of the statute of 1889, permitting only inhabited areas to

be embraced within its provisions for the holding of annexation elections, in such a case we are satisfied that the determination of the governing officials of the adjacent municipality to bring such an area within its civic boundaries should be the subject of inquiry through the writ of review.

The record seems to us to show that this is one of those cases. The tract of land sought to be included within the expanded boundaries of the city of San Bruno is a compact rectangular body of land embracing 1,890 acres, which has apparently never been subdivided or intersected with streets, has not a house upon it, and consists entirely of grazing, marsh, and tide lands. It is separated from the Lomita Park tract by the tracks of the Southern Pacific Railroad and of the San Francisco and San Jose Railroad, so that the inhabitants of the Lomita Park tract cannot by any stretch of reasoning be said to be inhabitants of the larger area adjacent. In no reasonable sense can it be said that this tract of land, which from the map appears to be almost if not quite as large as the present city of San Bruno, when regarded as a unit, be said to be inhabited, nor to have any electors within its boundaries to whom the question of its annexation to the city of San Bruno could have been submitted under the terms of the statute of 1889. This being so, there is no room for the application of the principles enunciated in the case of the *People* v. *City of Los Angeles,* 154 Cal. 220, [97 Pac. 311], to the facts of the case at bar. On the other hand, the language of the supreme court in the very recent case of *People* v. *Van Nuys Lighting Dist.,* 173 Cal. 792, [162 Pac. 97], has a very apt and direct bearing on the facts of the instant case: "The only fair and reasonable construction of the act is that districts for which it provides are intended to be limited territorially to the town or village whose residents and taxpayers petitioned therefor. Doubtless the board of supervisors would have much discretion upon the question whether or not any particular parcel of land could reasonably be included as a part of such town or village. The courts should be loath to set aside the proceeding for errors in this particular, and would not do so unless the unwarranted inclusion is clear. Here there can be no doubt. The area included without authority is so vast that it can only be regarded as a plain disregard of the statute."

The foregoing views gain an added force from consideration of the fact that the state legislature has provided two distinct methods for the incorporation of additional territory within the boundaries of municipalities. One of these is embraced in the statute of 1889, under which the city of San Bruno attempted to act in the proceeding under review. That statute, as we have seen, is confined in its application to territory which, taken as a whole, may be fairly said to be inhabited. The other method is to be found embraced within the terms of the act of 1899 (Stats. 1899, p. 37), which has application to the annexation of uninhabited lands to municipalities, and which provides for a proceeding before the board of supervisors of the county wherein such lands are located, in which proceeding the owner or owners of the acreage proposed to be included may be heard to protest effectively, if they so desire, against the inclusion of such lands. It seems to us clear that the lands of the petitioner in this proceeding are of such a character as to the state or want of their inhabitancy as to be only the subject of inclusion within the corporate boundaries of the city of San Bruno through the operation of this latter act; and that the attempt of the board of trustees of said city to bring them within the scope of the operation of the statute of 1889 was beyond the jurisdiction of said board; and that it was within the proper scope and power of the court to annul their proceedings taken in that behalf through the medium of a writ of review.

This conclusion renders unnecessary a consideration of the other points relied upon by the respondents herein.

Judgment affirmed.

Kerrigan, J., and Beasly, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 1, 1917.