[Civ. No. 2546.  Second Appellate District, Division One.—July 29, 1919.]

CHARLES COE, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

[1] MUNICIPAL CORPORATIONS — ANNEXATION OF TERRITORY — LEGALITY OF PROCEEDINGS—QUO WARRANTO.—A citizen and taxpayer within the territory annexed to a municipal corporation pursuant to proceedings taken under the provisions of the Municipal Annexation Act of 1913 (Stats. 1913, p. 577) cannot attack the legality of the proceedings, even though illegal ballots were cast and counted at the annexation election without which the annexation would not have been effected. Any attack upon the exercise of the franchise as to the annexed territory must be by *quo warranto* proceedings at the instance of the state.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Paul W. Schenck and Richard Kittrelle for Appellant.

Albert Lee Stephens, City Attorney, Charles Burnell, Assistant City Attorney, and C. D. Ballard for Respondents.

SHAW, J.—In this action plaintiff attacks the proceedings had and taken under the provisions of the Municipal Annexation Act of 1913 (Stats. 1913, p. 577), and amendments thereto, for the annexation of certain territory, known as the city of Sawtelle, to the city of Los Angeles.

To the complaint, which asks that the defendants be enjoined and restrained from further proceedings in the matter, that the election thereon be declared null and of no

effect, and that the action of the city of Los Angeles, purporting to have been had pursuant to the provisions of said municipal act, be declared void and ineffectual for the purpose intended, defendants interposed a demurrer upon both general and special grounds. The demurrer was sustained without leave to amend. Judgment of dismissal followed, from which plaintiff appeals.

In our opinion, the complaint failed to state a cause of action, for want of jurisdiction. It appears therefrom that plaintiff sues as a citizen and taxpayer of the city of Sawtelle; that a petition in due form and signed by the requisite number of electors of Sawtelle was presented to its board of trustees, in pursuance of which an ordinance was regularly adopted in due form calling an election for the determination of the question, followed by the due publication of the notice thereof as required by law, which election was thereafter held in accordance with such notice; that as a result of the election so held the proposition was by the proper officers of the city of Sawtelle declared carried, and the legislative body of the city of Los Angeles, as the final step necessary to effect the consolidation, adopted an ordinance pursuant to the provisions of the "act to provide for the consolidation of municipal corporations, as amended in 1917." (Stats. 1917, p. 30.) It is further alleged that by virtue of these proceedings the defendants assert and claim that said consolidation has been completed and fully consummated, and that the city of Sawtelle as an incorporated city has ceased to exist and is now a part of the city of Los Angeles. In other words, the city of Sawtelle as such has ceased to function and the city of Los Angeles, in the exercise of a franchise (*People* v. *City of Oakland*, 92 Cal. 611, [28 Pac. 807]), has by virtue of the proceedings assumed jurisdiction over its territory and inhabitants as a part of the city of Los Angeles, and is now exercising governmental control and municipal functions over the same. Upon this showing the city of Los Angeles, in the assumption of political functions over the annexed territory and its inhabitants, must be deemed at least a *de facto* corporation, the requisites of which, as stated in *Tulare Irr. Dist.* v. *Shepard*, 185 U. S. 1, [46 L. Ed. 773, 22 Sup. Ct. Rep. 531, see, also, Rose's U. S. Notes], are: "A charter or general law under which such a corporation as it purports to be might lawfully be or-

ganized; an attempt to organize thereunder; and actual user of the corporate franchise." As we have seen, there is a general law pursuant to which the consolidation might be effected. There was an attempt to consolidate the two cities thereunder, the success of which, in accordance with the statutory provisions, was, notwithstanding appellant's claim of irregularities in the election held, recognized and declared by the officers primarily charged with the duty of determining the result, and, upon the asserted claim and assumption that they have fully complied with all requirements of law, the city of Sawtelle has as an incorporated city ceased its functions, which, in the exercise of the franchise, the city of Los Angeles, as to such territory and its inhabitants, has assumed governmental control as a part of said last-named city. The question involved is one of a purely political nature (*People* v. *City of Los Angeles*, 154 Cal. 220, [97 Pac. 311]), and not affecting the private rights of plaintiff, in which capacity he may not challenge the asserted right to exercise jurisdiction in the matter. If such a case can be maintained by a private citizen, it may be brought at any time within the statutory limitation and must necessarily lead to uncertainty and interminable confusion. Many cases have arisen in this state involving the validity of proceedings for the organization of protective, reclamation, and irrigation districts, wherein, upon the ground that such organizations were at least *de facto* corporations, it was declared that inquiry into the validity of their organization was restricted to *quo warranto* at the suit of the state and not subject to attack by private individuals. (*Keech* v. *Joplin*, 157 Cal. 1, [106 Pac. 222]; *Jaques* v. *Board of Supervisors*, 24 Cal. App. 381, [141 Pac. 404]; *Reclamation District No. 765* v. *McPhee*, 13 Cal. App. 383, [109 Pac. 1106]; *Williams* v. *Board of Supervisors*, 65 Cal. 160, [3 Pac. 667].) In the case of *People ex rel. Warren* v. *York*, 247 Ill. 591, [93 N. E. 400], it is said, quoting from the syllabus: "The legality of proceedings by which additional territory is added to a municipality cannot be questioned, except by direct proceeding by *quo warranto*, and will not be determined upon a bill in equity, or by objection to a tax." Numerous cases may be cited to the same effect.

[1] Our conclusion is that, conceding, as claimed by appellant, illegal ballots were cast and counted at the elec-

tion without which the consolidation would not have been effected, nevertheless, since it appears that the city of Los Angeles as to the annexed territory is a *de facto* corporation, any attack upon its exercise of the franchise must be by *quo warranto* proceedings at the instance of the state.

The judgment is affirmed.

Conrey, P. J., and James J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 25, 1919.

All the Justices concurred.