[Civ. No. 3519. Third Appellate District.—August 17, 1928.]

THE PEOPLE, etc., Appellant, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Biby & Biby, John E. Biby, U. S. Webb, Attorney-General, and Leon French, Deputy Attorney-General, for Appellant.

Jess E. Stephens, City Attorney, and Lucius P. Green, Assistant City Attorney, for Respondent.

BARTLETT, J., *pro tem.*—This appeal is from a judgment dismissing a *quo warranto* proceeding, a demurrer having been sustained by the trial court, on the ground that the action was barred by the provisions of section 349½ of the Code of Civil Procedure. This action is based upon an alleged invalidity in the proceedings conducted in effecting the annexation of certain outside territory, designated as "Sunland Addition," to the City of Los Angeles in Los Angeles County. The various steps taken to annex the territory are fully set forth in the complaint, and the alleged grounds of their invalidity stated, and as relief in the action judgment is asked that it be decreed that defendant be enjoined from exercising any franchises, powers, privileges or jurisdiction over the territory embraced in the "Sunland Addition," and for such other relief as is meet and proper.

The complaint was filed in the superior court of Los Angeles county on July 11, 1927. On the 19th of July, 1927, defendant served and filed its demurrer to the complaint, the grounds of demurrer being: That the complaint does not, nor does any part thereof, state facts sufficient to constitute a cause of action; and that said action is barred by section 349½ of the Code of Civil Procedure. The demurrer was heard on July 19, 1927, and ordered sustained,

without leave to amend, and thereupon judgment was rendered and entered that plaintiff take nothing by the action, and declaring the same barred by section 349½ of the Code of Civil Procedure.

But one question is involved in the appeal and that is whether the provisions of section 349½ of the Code of Civil Procedure apply to actions brought in the name of the state concerning annexation of outside territory to cities, under what is commonly designated as the "Annexation Act of 1913." (Stats. 1913, p. 587.) The ordinance approving the annexation of "Sunland Addition" to the City of Los Angeles it is alleged in the complaint was adopted by the council of the City of Los Angeles on June 28, 1926, the same was duly published, and a copy thereof duly certified was transmitted to the secretary of state of the state of California and received by him and filed in his office on August 5, 1926. It is not questioned that this filing completed the annexation proceedings, and no dispute is made that this action was instituted more than three months after the filing of the papers above mentioned in the office of the secretary of state.

Section 349½ of the Code of Civil Procedure was passed by the legislature on April 24, 1923, and is to be found at page 53, Statutes of 1923. It reads as follows: "An act to add a new section to the Code of Civil Procedure to be numbered section three hundred forty-nine and one-half, relating to the limitation of the time within which actions, in which the validity of proceedings for the annexation of territory to municipal corporations, or the consolidation of municipal corporations is contested, can be commenced.

"Section 1. A new section is hereby added to the Code of Civil Procedure to be numbered three hundred forty-nine and one-half and to read as follows:

"Sec. 349½. The validity of any proceedings for the annexation of territory to a municipal corporation, or for the consolidation of municipal corporations, shall not be contested in any action unless such action shall have been brought within three months after the completion of such proceedings, or, in case such proceedings are completed prior

to the time that this act takes effect, then within three months after this act shall have become effective."

Appellant contends that the cause of action alleged in the complaint is not barred by section 349½ of the Code of Civil Procedure for the following reasons: 1. Limitations of actions do not bind the people of the state unless made to do so by express words or necessary implication; 2. Section 349½ of the Code of Civil Procedure is in violation of subdivisions 19 and 33 of section 25 of article IV of the constitution of the state of California, and the provisions of section 6 of article XI and section 11 of article I of said state constitution; 3. The exercise of the franchise in question is a continuous offense occurring each day, and each day a new cause of action arises; 4. A *quo warranto* proceeding is not an action of the character to which section 349½ of the Code of Civil Procedure applies; 5. Section 349½ of the Code of Civil Procedure has a reasonable meaning without applying its provisions to the state when it is plaintiff in a *quo warranto* proceeding.

■ It cannot be disputed that "it is a well established principle of law that limitations of actions do not bind the state unless made to do so by express words or necessary implication." (*Russ & Sons Co.* v. *Crichton,* 117 Cal. 695 [49 Pac. 1043]; *People* v. *Kings County Dev. Co.,* 48 Cal. App. 72 [191 Pac. 1004].)

■ The question involved in this action is of a purely political nature, and that the validity of the proceedings for the annexation of territory to municipalities can only be determined in a *quo warranto* action is clearly determined by the case of *Coe* v. *City of Los Angeles,* 42 Cal. App. 479 [183 Pac. 822], wherein are cited with approval as supporting this conclusion the following cases: *People* v. *City of Los Angeles,* 154 Cal. 220 [97 Pac. 311]; *Keech* v. *Joplin,* 157 Cal. 1 [106 Pac. 222]; *Jacques* v. *Board of Supervisors,* 24 Cal. App. 381 [141 Pac. 404]; *Reclamation Dist. No. 765* v. *McPhee,* 13 Cal. App. 383 [109 Pac. 1109]; *Williams* v. *Board of Supervisors,* 65 Cal. 160 [3 Pac. 167]; *People ex rel. Warren* v. *York,* 247 Ill. 591 [93 N. E. 400]. That proceedings in *quo warranto* are actions brought in the name of the state is evident from the language used in sections 803 to 810 of the Code of Civil Procedure where they

are designated as actions in each of the sections. The case at bar, like all *quo warranto* proceedings, is a civil action and not a special proceeding of a civil nature.

While there are no express words in section 349½ of the Code of Civil Procedure making that statute applicable to the state, the necessary implication that it applies to and binds the state is manifested from the language of the act and the purpose declared in its title. The title announces that the purpose of the act is to add a new section to the Code of Civil Procedure, to be numbered 349½, relating to the limitation of the time within which actions, in which the validity of proceedings for the annexation of territory to municipal corporations, or the consolidation of municipal corporations, is contested, can be commenced. If *quo warranto* proceedings are the only actions in which the validity of annexation or consolidation proceedings can be determined, as held in *Coe* v. *City of Los Angeles, supra,* the three months' limitation provided by section 349½ of the Code of Civil Procedure bars the action under consideration and the trial court ruled correctly in sustaining the demurrer without leave to amend. That the purpose of the act was to put a three months' limitation on all actions concerning the validity of annexation and consolidation proceedings is also apparent and must be necessarily implied from the fact that section 349½ of the Code of Civil Procedure not only makes its limitation period of three months apply to all future contests, but also provides that it shall apply to all proceedings completed prior to the time the act took effect.

The general legislative policy of California that the state shall be bound by its statutes of limitation is well set forth in *People* v. *Kings County Development Co.,* 48 Cal. App. 72 [191 Pac. 1004], where it is said: "Where the legislature has established a particular policy with respect to a particular subject of legislative cognizance, which policy is in derogation of the rule of the common law, all the law or sections of the code bearing upon or pertaining to that particular subject should be read and considered together, or as a whole, or by the light of each other, if the language of any one section or part of the law is so dubious or uncertain as to render its meaning or the legislative intent at the

bottom of it lacking in clearness and certainty." Section 349½ of the Code of Civil Procedure establishes a particular policy with respect to a particular subject of legislative cognizance and there is no reason for holding it as not applicable to the state and barring this action.

 The contention of plaintiff that section 349½ of the Code of Civil Procedure is violative of the provisions of the state constitution cannot be upheld. Both annexation and consolidation proceedings are authorized by general statutes, clearly of general application, the municipalities authorized to take advantage of their provisions not being classified or limited in any respect, and the acts applying with equal force to every municipality throughout the state.

 "Procedure may not be said to be special because it is peculiar to the character of the action with reference to which it is prescribed." (*Title Ins. & Trust Co.* v. *Lusk,* 15 Cal. App. 358 [115 Pac. 53]; *People* v. *Henshaw,* 76 Cal. 436 [18 Pac. 413]; *Cohen* v. *City of Alameda,* 168 Cal. 265 [142 Pac. 885]; *Mitchell* v. *California-Pacific Title Ins. Co.,* 79 Cal. App. 45 [248 Pac. 1035].)

It was within the power of the legislature to distinguish between actions contesting the validity of annexation and consolidation proceedings and actions attacking the original incorporation of municipalities. The fact that *quo warranto* would be an available remedy in both classes of actions is not important. There are reasonable distinctions that would justify a different period of limitation of the action. The addition of a newly annexed or consolidated territory may result in the election of particular individual officers; in the attaining of a required two-thirds vote for carrying bond issues for necessary municipal improvements; in bringing about litigation of questions concerning the validity of bonds for public improvements in the annexed territory, and in causing public functions of municipal government to be administered in a limited degree or to be held in abeyance over unreasonable periods of time. A consideration of such matters would furnish the legislature with sufficient grounds to provide that the validity of annexation and consolidation proceedings should be asserted within some definite period of time, and that if the proceedings were not attacked within such time the right to file such contesting action should be barred.

■ The claim of appellant that the exercise of the franchise in question is a continuous offense recurring day after day and that each day a new cause of action arises is without merit in view of the manifest purpose and intent of the provisions of section 349½ of the Code of Civil Procedure. Whether or not there is a right to exercise the franchise depends upon the validity of the annexation proceedings and the statute prohibits any contest of those proceedings after three months have elapsed after the filing in the office of the secretary of state of the certified copy of the ordinance of the city to which the territory is annexed.

■ The contention that a *quo warranto* proceeding is not an action of the character to which section 349½ of the Code of Civil Procedure applies cannot be sustained. The words "any action," taking into view the purposes and intent of section 349½ of the Code of Civil Procedure, must be held to embrace and include any form of action that can present for adjudication questions involving the validity of annexation proceedings.

In view of the fact that the validity of annexation proceedings can be determined only in a *quo warranto* action, the only reasonable meaning that can be given section 349½ of the Code of Civil Procedure is that it applies to and binds the state, and bars the remedy sought by reason of the action at bar.

٬ The judgment appealed from is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 15, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 15, 1928.

Curtis, J., and Langdon, J., dissented.