[Civ. No. 6406. Second Appellate District, Division Two.—October 27, 1930.]

C. A. CROWL, Appellant, v. THE BOARD OF TRUSTEES, Also Known as THE CITY COUNCIL, OF THE CITY OF SOUTHGATE et al., Respondents.

Thomas V. Cassidy, T. P. Hogan and Wallace F. Mills for Appellant.

Clyde Woodworth, City Attorney, Brewton A. Hayne and A. P. Hayne for Respondents.

SCHMIDT, J., *pro tem.*—The appeal in this case is from a judgment entered in the lower court following the sustaining of a demurrer without leave to amend, to a petition in certiorari, seeking to review the acts and proceedings of the Board of Trustees of the city of Southgate in annexing to said city of Southgate certain territory known as the fifth addition to the city of Southgate.

The facts alleged in the petition show that all of the steps for annexation required by the annexation act of 1913 (Stats. 1913, p. 587, and amendments thereto) have been taken, including the passing of "an ordinance declaring the result of the election and approving the annexation . . . and it is hereby ordered that a certified copy of this ordinance giving the date of its passage under the seal of said City of Southgate be submitted to and filed with the Secretary of State of California from and after the date of which filing the annexation of said territory to the City of Southgate shall be deemed to be complete and thenceforth said annexed territory shall be to all intents and purposes a part of the City of Southgate". The petition is silent as to whether the certified copy of the ordinance had been filed with the Secretary of State. We must presume that the city clerk of Southgate performed his official duty and that therefore same has been filed with the Secretary of State.

The petition was filed after the city of Southgate assumed to exercise dominion over the annexed lands. The demurrer filed in the lower court was both general and special and by the demurrer it was urged, among other matters, that the proceedings for annexation involved could not be reviewed on a writ of *certiorari*, but that it was necessary to test their validity by a writ of *quo warranto*.

An examination of the authorities shows that after all the steps for annexation have been taken, even though there may be some irregularity therein, the municipal corporation exercises dominion over the annexed lands in at least a *de facto* capacity. The authorities hold that before such *de facto* character has attached, that *certiorari* will lie at the instance of a citizen or taxpayer to secure the annulment of irregular proceedings. On the other hand,

the decisions likewise hold that after a *de facto* character has attached *certiorari* is not the proper remedy; that the proceedings must then be tested by *quo warranto*.

Section 803 of the Code of Civil Procedure, provides: "An action may be brought by the attorney-general in the name of the people of this state, (1) upon his own information, or (2) upon a complaint of a private party, against . . . (b) any corporation, either *de jure* or *de facto,* which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state. And the attorney-general must bring the action, (1) whenever he has reason to believe that any such . . . franchise has been usurped, intruded into, or unlawfully . . . exercised by any person, or (2) when he is directed to do so by the governor."

In *Beaumont* v. *Samson,* 5 Cal. App. 491, at p. 492 [90 Pac. 839], quoting from volume 17, Encyclopedia of Pleading and Practice, it is said:

"*Certiorari* to ministerial boards or officers is not the proper remedy to try . . . the right to exercise corporate functions. *Quo warranto* is the only remedy which affords complete relief." *Jaques* v. *Board of Supervisors,* 24 Cal. App. 381 [141 Pac. 404], held the same way and at the conclusion of the opinion, at page 386, stated: "We must assume, of course, that the attorney-general will do his duty and that appellants will have no difficulty in obtaining redress by the method thus pointed out, if there be merit in their contention." In *Keetch* v. *Joplin,* 157 Cal. 1, 14 [106 Pac. 222, 228], we read: "The evidence abundantly shows that the district has been organized and that it has been acting as a district. In other words, that it is a *de facto* district. It is a public corporation of a similar character to irrigation districts and reclamation districts. The law is well settled that the validity of the organization of such a district cannot be questioned by private individuals, but only in a proceeding in *quo warranto* at the suit of the state. (*Quint* v. *Hoffman,* 103 Cal. 506 [37 Pac. 514, 777]; *Reclamation Dist.* v. *Turner,* 104 Cal. 335 [37 Pac. 1038].)"

In *Tulare Irr. Dist.* v. *Shepard,* 185 U. S. 1, 14 [46 L. Ed. 773, 22 Sup. Ct. Rep. 531, 536], the Supreme Court of the United States says:

"Being a *de facto* corporation, the general rule is that none but the state can call its existence in question. The

courts of California agree that such is the rule." (Citing cases. See, also, *Van Wagener* v. *McFarland,* 58 Cal. App. 115 [208 Pac. 345].)

We do not feel that anything in the decision in *Miller & Lux* v. *Board of Supervisors,* 189 Cal. 254 [208 Pac. 304], cited by appellant affects the conclusion reached herein. That case arose prior to the completion of all the steps required for the formation of an irrigation district.

In view of the foregoing conclusions it is not necessary to discuss any of the other points raised by appellant.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.