[Civ. No. 14536. Second Dist., Div. Two. Dec. 15, 1944.]

THE FUNERAL DIRECTORS ASSOCIATION OF LOS ANGELES AND SOUTHERN CALIFORNIA (an Incorporated Nonprofit Association), Appellant, v. BOARD OF FUNERAL DIRECTORS AND EMBALMERS OF THE STATE OF CALIFORNIA et al., Respondents; BURTON H. ARMSTRONG et al., Interveners and Respondents.

W. L. Pollard for Appellant.

Glenn Whitney, Morse Craig and Frank J. Barry for Respondents.

McCOMB, J.—This is an appeal from a judgment predicated upon an order sustaining a demurrer without leave to amend to appellant's petition for a writ of mandate to require respondents, Board of Funeral Directors and Embalmers, to vacate an order modifying a judgment of suspension of the Armstrong Family's license to practice embalming.

The facts so far as material are:

On July 30, 1938, after charges were duly filed and a hearing held thereon, respondents in intervention's (hereinafter referred to as the licensee) license to practice the art of embalming was suspended for a period of ninety days, the order to be effective upon the service of a certified copy thereof on the licensee. Service was made on September 12, 1938. On September 13, 1938, the licensee obtained an alternative writ of mandate from the superior court directing respondent board to show cause why the judgment of suspension against the licensee should not be annulled. Thereafter upon a hearing in the superior court the alternative writ was discharged and the licensee appealed from the order of the superior court to the District Court of Appeal. On March 18, 1941, the appeal was dismissed by stipulation of the parties and on the same date respondent board made an order suspending its former order of July 30, 1938, and placing the licensee on probation for one year.

On August 22, 1941, appellant, an incorporated nonprofit association, composed of numerous funeral directors and embalmers operating and doing business in the city of Los Angeles, filed a petition in the superior court seeking a writ of mandate requiring respondent board to annul the order of March 18, 1938, placing the licensee on probation for one year. To this petition respondents and the licensee filed demurrers on the ground, among others, that appellant (petitioner in the superior court) was not entitled to maintain an action for a writ of mandate since it was not a party "beneficially in-

terested" as required by section 1086 of the Code of Civil Procedure.

This is the sole question necessary for us to determine:

*Is appellant a party "beneficially interested," as the phrase is used in section 1086 of the Code of Civil Procedure, in the orders made by respondent board on July 30, 1938, and March 18, 1941?*

This question must be answered in the negative and is governed by the following rules of law:

■ (1) It is a general rule* that a writ of mandate will not be issued where the petitioner fails to show that it will subserve or protect some right or interest of the petitioner as a party beneficially interested. (Code Civ. Proc., § 1086; *Ellis* v. *Workman*, 144 Cal. 113, 115 [77 P. 822]; *Marculescu* v. *City Planning Com.*, 7 Cal.App.2d 371, 374 [46 P.2d 308].)

■ (2) A trade association is not a party "beneficia: interested" in a proceeding between a state board and a L censee of such board. (*Baltimore R. Liquor etc. Assn.* *Kernwood*, 171 Md. 426 [189 A. 209, 210, 109 A.L.R.

Applying the foregoing rules to the facts in the case, the record discloses that appellant was an inco nonprofit trade association composed of numerous fu rectors and embalmers operating in the city of Los . Under rule 2, *supra*, it did not have a beneficial interest action between the respondent, State Board of Funer rectors and Embalmers, and the licensee, who was als gaged in the embalming business in the State of Califo Therefore, under rule 1, *supra*, appellant was not entitle maintain the present action.

*Frederick* v. *City of San Luis Obispo*, 118 Cal. 391, 396 P. 661]; *Eby* v. *Board of School Trustees*, 87 Cal. 166 [25 240]; *Hyatt* v. *Allen*, 54 Cal. 353; *Maxwell* v. *Board of Supe visors*, 53 Cal. 389; *Conn* v. *City Council*, 17 Cal.App. 20

---

*The recognized exceptions to the general rule are:

In an action to compel (1) the calling of an election (*Frederick* v. *City of San Luis Obispo*, 118 Cal. 391, 392 [50 P. 661]; *Conn* v. *City Council*, 17 Cal.App. 705, 710 [121 P. 714, 719]), (2) levying of an assessment (*Hyatt* v. *Allen*, 54 Cal. 353, 360), (3) canvassing of city consolidated election returns (*Taft* v. *Haas*, 34 Cal.App. 309, 310 [167 P. 306]), (4) a city council to advertise for bids for the lighting of streets and public buildings as required by law (*Santa Rosa Lighting Co.* v. *Woodward*, 119 Cal. 30, 34 [50 P. 1025]) an elector and taxpayer is considered a party sufficiently "beneficially interested" to maintain the action.

[121 P. 714, 719], relied upon by appellant are all cases falling within one or more of the exceptions to the general rule stated above. It is likewise to be noted that in each of the cases just mentioned the petitioner was an elector and taxpayer, while in the present case petitioner is neither an elector nor taxpayer.

*Olive Pro-ration P. Com.* v. *Agricultural Pro-Rate Com.*, 17 Cal.2d 204 [109 P.2d 918], is likewise inapplicable to the present case for in such case the law specifically made petitioner the official representative of olive growers in the area affected.

The Maryland case, *Maryland State Funeral Directors' Assn.* v. *Mears,* 150 Md. 294 [133 A. 62], is not of value to appellant in view of the fact that in such case petitioner's right to maintain the action was not questioned. In a later case, *Baltimore R. Liquor etc. Assn.* v. *Kernwood,* 171 Md. 426 [189 A. 209, 210, 109 A.L.R. 1253], the Court of Appeals of Maryland expressly reaffirmed the rule that a trade association did not have sufficient beneficial interest to maintain a writ of mandate to intervene in a proceeding pending between a state board and licensee. The court expressly pointed out that the Maryland State Funeral Directors' case had been permitted to be maintained because no objection had been raised that petitioner was not a proper party.

In view of our conclusions it is unnecessary to consider other points discussed by counsel.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 8, 1945.