[S. F. No. 17785.   In Bank.   Jan. 24, 1950.]

THE AMERICAN DISTILLING COMPANY (a Corporation), Respondent, v. CITY COUNCIL OF THE CITY OF SAUSALITO et al., Appellants.

John B. Ehlen for Appellants.

Norman A. Eisner and Samuel W. Wicklow for Respondent.

SHENK, J.—The petitioner, American Distilling Company, commenced this mandamus proceeding in the Marin County Superior Court to compel the city council of the city of Sausalito to terminate certain annexation proceedings. The appeal is from a judgment ordering a preemptory writ.

On October 24, 1947, pursuant to the Annexation of Uninhabited Territory Act of 1939 (Stats. 1939, p. 1567; 2 Deering's Gen. Laws, Act 5162), the city council by resolution commenced proceedings to annex uninhabited territory contiguous to the northern boundary of Sausalito. This territory includes the industrial property of the petitioner and the property of the United States government known as Marinship. November 18, 1947, was fixed as the time when the owners of the real property proposed to be annexed could appear and protest. The petitioner filed a written protest, appeared at the hearing on November 18, 1947, and objected to further action on the part of the city council. At the final hearing on January 6, 1948, the United States government filed a written protest. At all times the petitioner insisted upon the sufficiency of its own protest to require a determination that the city council was without power to approve the annexation.

Section 6 of the Annexation of Uninhabited Territory Act of 1939 provides:

"At any time not later than the hour set for hearing objections to the proposed annexation, any owner of property within the territory proposed to be annexed, may file written protest against the proposed annexation . . . At the time set for hearing protests the legislative body of such municipal corporation shall proceed to hear and pass upon all protests so made and if it be found that protest is made by the owner or owners of one-half of the value of the territory proposed to be annexed according to the last equalized assessment roll, no further proceedings shall be taken in connection with the proposed annexation."

Section 7 provides: "If it be found that protest is not made by the owner or owners last above mentioned, the legislative body of such municipal corporation must by ordinance approve or disapprove such annexation."

The petitioner's objection to further proceedings by the city council was based on the contention that the 1947 equalized assessment roll in Marin County was the last equalized assessment roll within the meaning of the statute; that the holdings of the petitioner and of the United States comprised the entire territory sought to be annexed; that the lands owned by the federal government were nonassessable and were assessed as of no value on the 1947 assessment roll, and therefore that the petitioner's protest was sufficient to prevent annexation.

The city council declined to make a finding that a written protest had been filed by the owner of one-half in value of the territory proposed to be annexed according to the 1947 equalized assessment roll or to terminate the proceedings. At the January 6th meeting a resolution was adopted rejecting the protest of the United States for the reason that it was not filed within time. The city council then determined that legal protest had not been presented by the owner of one-half in value of the territory proposed to be annexed according to the last equalized assessment roll, and the city attorney was instructed to prepare an ordinance approving the annexation. This ordinance was presented and held for final action on Tuesday, February 2d.

The following took place all in 1948 : The present proceeding was commenced on January 19th. An alternative writ was issued directing the city council to make a finding that a protest was duly made by the owner of one-half in value of the territory proposed to be annexed according to the last equalized assessment roll; to set aside any determination to the contrary, and to terminate the annexation proceedings or show cause on January 26th why it had not done so. The city council's demurrer was overruled and an answer was filed on February 27th. On March 5th the matter was set down for trial on March 22d.

On the trial date the petitioner filed a supplemental petition seeking to set aside an ordinance adopted on March 16th by which the city council had approved the annexation on the supposition that a sufficient protest had not been presented. Counsel for the city moved to dismiss the mandamus proceeding on the ground that the annexation ordinance had been adopted and that the granting of relief would interfere with the performance of a legislative act. The motion was denied.

After a hearing on the merits the trial court found that

the last equalized assessment roll as contemplated by section 6 of the act was the 1947 assessment roll of Marin County; that that roll showed the real property of the petitioner to have been assessed at $137,585; that the real property of the United States was assessed at "O"; that the petitioner was the only owner of property in the territory which had assessable value and which was assessed at any amount, and that since the petitioner had duly protested in the annexation proceedings it was entitled to the relief sought. The judgment declared the ordinance void, directed the issuance of a peremptory writ commanding the city council to make a finding in accordance with the undisputed facts, and to adopt a resolution setting aside the ordinance and the annexation proceedings.

The city council raises the preliminary question of the power of the trial court to enter any judgment at all in this proceeding. The contention is that the judgment operated as an unlawful interference with the exercise of legislative power. Reliance is placed on the general rule, both statutory and decisional, that under the doctrine of separation of powers the courts will not interfere with the legislative process. (Civ. Code, § 3423, subd. 7; Code Civ. Proc., § 526, subd. 7; *Johnston* v. *Board of Supervisors*, 31 Cal.2d 66 [187 P.2d 686]; *Berkeley High School Dist.* v. *Coit*, 7 Cal.2d 132 [59 P.2d 992]; *Nickerson* v. *San Bernardino County*, 179 Cal. 518 [177 P. 465]; *Glide* v. *Superior Court*, 147 Cal. 21 [81 P. 225].) On the other hand the petitioner invokes certain recognized exceptions applicable to municipal and other inferior legislative bodies (see *Spring Valley Water Works* v. *San Francisco*, 82 Cal. 286 [22 P. 910, 1046, 16 Am.St.Rep. 116, 6 L.R.A. 756]; *Inglin* v. *Hoppin*, 156 Cal. 483 [105 P. 582]; *San Christina Inv. Co.* v. *San Francisco*, 167 Cal. 762 [141 P. 384, 52 L.R. A.N.S. 676]; and see *Berkeley High School Dist.* v. *Coit, supra,* 7 Cal.2d at p. 137.) It is deemed unnecessary to consider this problem. The contention of the city council assumes that it had authority to exercise a legislative function under the statute and the facts of this case. The undisputed facts and the statutory provisions require a holding that the city council had only the power and duty to terminate the annexation proceedings.

■ It is not questioned that in the annexation proceedings the statute constituted the measure of the power to be exercised by the city council. (*Kleiber* v. *City of San Francisco*,

18 Cal.2d 718, 724 [117 P.2d 657].) As hereinabove noted the statute provided for a hearing by the city council to determine the sufficiency of the protests. Pursuant to section 6 if protest was duly made by the owner or owners of one-half of the value of the territory proposed to be annexed according to the last equalized assessment roll, the matter was at an end and the city council had no power or authority to do anything except to terminate the proceedings. If the protests were insufficient the city council was then authorized and required by section 7 to enact an ordinance either approving or disapproving the annexation.

The character of the action of the city council, called generally the legislative body, in a particular case depends on the nature of the act or duty and the provisions of the statute under which it is performed. Here the statute makes the distinction between nonlegislative and legislative action by directing exercise of the latter function only when the protests are shown to be insufficient.

This court in other cases has recognized the division between the administrative or other nonlegislative function preceding the performance of the legislative act where constitutional or statutory requirements were involved. (*McFadden* v. *Jordan*, 32 Cal.2d 330 [196 P.2d 787] ; *Gage* v. *Jordan*, 23 Cal.2d 794 [147 P.2d 387] ; *Epperson* v. *Jordan*, 12 Cal.2d 61, 64 [82 P.2d 445] and cases cited.)

The issue before the trial court in this mandamus proceeding was therefore whether the city council had exceeded its statutory authority in determining that the protests were insufficient. It is contended that the court's findings that the protests were sufficient is unsupported.

■ Section 6 of the act required the city council to base a determination of the sufficiency of the protests on the assessed value of the properties according to the last equalized assessment roll (see *Bryant* v. *Board of Supervisors*, 32 Cal.App. 495, 504 [163 P. 341]). The court correctly concluded that the 1947 assessment roll was the roll to be considered. The city council purported to ignore the plain wording of the statute and to impute a value to the government owned land according to the 1938 assessment roll which was the last roll showing this land in private ownership and to be assessable; and at the same time to compute the 1947 assessed value of the petitioner's property solely on the land, disregarding the improvements. It also received testimony of the 1947 fair market

value of the government-owned land. This market value was in excess of the assessed value of the petitioner's land and improvements.

As pointed out in *Shepherd* v. *Board of Supervisors*, 137 Cal.App. 421 [30 P.2d 578], at page 429 (1934), also involving annexation proceedings, if it should appear that protests were filed by a sufficient number of owners according to the statutory measure, the board would be without authority to do anything except to sustain the protests and terminate the proceedings. The statute then in force (Stats. 1899, p. 37; repealed by Stats. 1937, p. 557), designated the owners of one-half of the land sought to be annexed as the guide by which the sufficiency of the protests was to be determined. That case involved publicly-owned land which comprised more than one-half of the uninhabited land annexed. Thereafter the Legislature repealed the act and adopted the present statute for the obvious purpose of affording to private property owners a means of making effective protest. As applied to the present case the new statute requires that protests filed by the owner or owners of one-half of the 1947 assessed value of the territory sought to be annexed should be the measure of sufficiency. Without dispute the property of the petitioner was the only property in the territory which had assessable value in that year.

The trial court's finding of sufficiency followed from the indisputable facts and required the conclusion that the city council had no discretion to do other than comply with the statute and terminate the annexation proceedings. The city council is a board which may appropriately be directed to perform this statutory duty. (Code Civ. Proc., §§ 1085, 1086; 4 Dillon (5th ed.), p. 2689.)

The petitioner's right to relief is determinable by the facts as they existed at the time the petition was filed (*Rittersbacher* v. *Board of Supervisors*, 220 Cal. 535, 541 [32 P.2d 135]); and unless in the meantime the law defining the legal duty has been changed, the preemptory writ should follow the terms of the alternative writ. (*Johnson* v. *Fontana County F. P. Dist.*, 15 Cal.2d 380, 391-392 [101 P.2d 1092]; *Barry* v. *Board of Directors*, 7 Cal.App.2d 412, 429 [46 P.2d 298].) No such change is here involved.

The city council urges that the trial court should have exercised its discretionary power to deny the peremptory writ because, it is claimed, the petitioner had a plain, speedy

and adequate remedy in the ordinary course of law. The proceeding in quo warranto is referred to as the procedure by which the legality of annexation proceedings may be brought into question.

Quo warranto has been invoked or designated as the appropriate remedy in cases where annexation proceedings have been completed and the municipal corporation or district is exercising control over the territory. (*People* v. *Town of Ontario,* 148 Cal. 625 [84 P. 205]; *People* v. *City of Los Angeles,* 154 Cal. 220 [97 P. 311]; *Keech* v. *Joplin,* 157 Cal. 1, 14 [106 P. 222]; *Coe* v. *City of Los Angeles,* 42 Cal.App. 479 [183 P. 822]; *People* v. *City of Los Angeles,* 93 Cal.App. 532, 535 [269 P. 934]; *Crowl* v. *Board of Trustees,* 109 Cal.App. 214 [292 P. 985]; *City of Burlingame* v. *County of San Mateo,* 90 Cal.App.2d 705 [203 P.2d 807].) But where the annexation proceedings were not completed at the time relief was sought the courts have entertained petitions in mandate or certiorari. (*Miller & Lux* v. *Board of Supervisors,* 189 Cal. 254 [208 P. 304]; *Shepherd* v. *Board of Supervisors,* 137 Cal.App. 421 [30 P.2d 578]; *Capuchino Land Co.* v. *Board of Trustees,* 34 Cal.App. 239 [167 P. 178].) It is thus apparent that when the remedy by quo warranto has not matured it is not deemed plain, speedy and adequate for the purpose of controlling the performance of a statutory duty. And since mandate appeared to be the only effective remedy available to the petitioner by which performance of the legal duty could be procured, the trial court did not abuse its discretion in granting the writ.

A sufficient showing of beneficial interest and of damages which might ensue if the writ were denied was disclosed when it appeared that the petitioner was the owner of the property proposed to be annexed illegally. (See *Frederick* v. *City of San Luis Obispo,* 118 Cal. 391 [50 P. 661]; *Santa Rosa Lighting Co.* v. *Woodward,* 119 Cal. 30, 34 [50 P. 1025].)

The objection to the declaration of the trial court that the ordinance is void and should be set aside presents a matter of no particular consequence in view of the record. That result follows without the declaration. The city council was bound to comply with the requirements of the alternative writ unless it could show good cause for not doing so. This it did not do. Any objection to the judgment on this ground may be removed by a modification.

Accordingly the judgment is modified by striking therefrom the provision commanding the defendant to set aside the ordinance. As so modified the judgment is affirmed.

Gibson, C. J., Edmonds, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I dissent. In my opinion the judgment should be affirmed without modification. The ordinance adopted on March 16, 1948, was unquestionably void. The majority opinion, in effect, so holds. Then why should not the trial court have so declared and by its judgment direct that it be vacated and set aside? Certainly a void ordinance is not immune from judicial review, and where such an ordinance is adopted in direct defiance of an order of the superior court, that court should have the power to direct that it be set aside and vacated. It seems hypertechnical to me to say that a court may declare that a legislative body has no power or authority to adopt an ordinance, and yet may not declare such ordinance void and direct that it be set aside. By what legerdemain is such a conclusion reached? Here we have an ordinance based not only upon a finding contrary to the undisputed facts before the council, but one adopted in direct violation of an order of the trial court. It is plainly obvious that since the city council had no authority under the statute but to find in accord with the undisputed fact that petitioner's protest was sufficient, there could be no possible legal basis for the adoption of the annexation ordinance, and certainly no ill result can follow from the mandate of the court that it be set aside. I cannot, therefore, see any basis whatsoever for the holding of this court that the "judgment is modified by striking therefrom the provision commanding the defendant to set aside the ordinance."

The majority opinion is written apparently with the thought in mind of avoiding the legal proposition involved in *Santa Clara County* v. *Superior Court*, 33 Cal.2d 552 [203 P.2d 1], as this case is not cited. While factually the cases are different, the same basic legal theory is applicable to both cases, and if the rule of the Santa Clara County case were applied to the case at bar, the judgment here would have to be reversed. The Santa Clara County case held that the court had no jurisdiction to interfere with the legislative process, except to prevent incurring of expense by the legislative body for an unlawful purpose, until such legislative

process was completed, and then quo warranto was the only remedy. Mr. Justice Schauer and I dissented in that case, and it is obvious that the majority have now departed from the holding in that case without even mentioning it.

In my opinion the judgment in the case at bar is eminently sound and should be affirmed.

Schauer, J., concurred.